## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TOBIAS BERMUDEZ CHAVEZ, *et al.*, | ) | Civil Action No. 1:12-cv-00697-RGA |
| | ) | |
| Plaintiffs, | ) | Jury Trial Demanded |
| | ) | |
| v. | ) | |
| | ) | |
| DOLE FOOD COMPANY, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| JULIO ABREGO ABREGO, *et al.*, | ) | Civil Action No. 1:12-cv-00698-RGA |
| | ) | |
| Plaintiffs, | ) | Jury Trial Demanded |
| | ) | |
| v. | ) | |
| | ) | |
| DOLE FOOD COMPANY, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ALVARADO ALFARO MIGUEL FRANCISCO, *et al.*, | ) | Civil Action No. 1:12-cv-00699-RGA |
| | ) | |
| | ) | Jury Trial Demanded |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DOLE FOOD COMPANY, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| JORGE LUIS AGUILAR MORA, et al., | ) | Civil Action No. 1:12-cv-00700-RGA |
| | ) | |
| Plaintiffs, | ) | Jury Trial Demanded |
| | ) | |
| v. | ) | |
| | ) | |
| DOLE FOOD COMPANY, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| EDWIN AGUERO JIMENEZ, *et al.*, | ) | Civil Action No. 1:12-cv-00701-RGA |
| | ) | |
| Plaintiffs, | ) | Jury Trial Demanded |
| | ) | |
| v. | ) | |
| | ) | |
| DOLE FOOD COMPANY, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| GONZALEZ ARAYA FRANKLIN, *et al.*, | ) | Civil Action No. 1:12-cv-00702-RGA |
| | ) | |
| Plaintiffs, | ) | Jury Trial Demanded |
| | ) | |
| v. | ) | |
| | ) | |
| DOLE FOOD COMPANY, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DOLE FOOD COMPANY, INC., DOLE FRESH FRUIT COMPANY, STANDARD FRUIT COMPANY, AND STANDARD FRUIT AND STEAMSHIP COMPANY'S  MOTION TO DISMISS UNDER THE FIRST FILED RULE

POTTER ANDERSON & CORROON LLP

Somers S. Price, Jr.  (ID No. 279)
1313 North Market Street—6th Floor
Wilmington, Delaware  19801
(302) 984-6000
Fax:  (302) 658-1192
sprice@potteranderson.com

*Attorneys for Defendant Dole Food Company, Inc.,*
*Dole Fresh Fruit Company, Standard Fruit*
*Company, and Standard Fruit and Steamship*
*Company*

Date:  June 21, 2012

[1064322 / 39209]

## TABLE OF CONTENTS

Page

I.     INTRODUCTION ...................................................................................................1

II.    STATEMENT OF FACTS .....................................................................................3

       A.     Overview of DBCP Litigation ...................................................................3

       B.     Procedural History .....................................................................................4

              1.     June 2011:  The Louisiana Federal Actions ...................................4

              2.     June 2012:  The Newly-Filed Delaware Federal Actions............................7

III.   THE DELAWARE FEDERAL ACTIONS SHOULD BE DISMISSED
       PURSUANT TO THE FIRST-FILED RULE .......................................................10

IV.    CONCLUSION .....................................................................................................14

## TABLE OF AUTHORITIES

Page(s)

## Cases

*American Pipe & Construction Co. v. Utah*,
   414 U.S. 538 (1974) ...................................................................................................6

*Berkshire Int'l Corp. v. Marquez*,
   69 F.R.D. 583 (E.D. Pa. 1976) ................................................................................12

*Crosley Corp. v. Hazeltine Corp.*,
   122 F.2d 925 (3d Cir. 1941) ......................................................................................1

*Crown Cork & Seal Co. v. United Steelworkers of Am.*,
   No. 03-1381, 2004 WL 117923 (W.D. Pa. Jan. 9, 2004) .........................................11

*Curtis v. Citibank, N.A.*,
   226 F.3d 133 (2d Cir. 2000) ...............................................................................10, 11

*Deleski v. Raymark Industries, Inc.*,
   819 F.2d 377 (3d Cir. 1987) ....................................................................................13

*E.E.O.C. v. Univ. of Penn.*,
   850 F.2d 969 (3d Cir. 1988) .......................................................................1, 2, 11, 12

*Edelson v. Soricelli*,
   610 F.2d 131 (3d Cir. 1979) ......................................................................................3

*Funkhouser v. Chi-Chi's, Inc.*,
   No. 2:05CV638, 2005 WL 2545300 (W.D. Pa. Oct. 7, 2005) ..............................2, 11

*McDermott v. Toyota Motor Sales Co.*,
   487 F. Supp. 484 (E.D. Tenn. 1980) ..........................................................................3

*Mejia v. Dole Food Co. & Rivera v. Dole Food Co.*,
   Cases Nos. BC340049, BC379820, Cal. Super. Ct., Cnty. of L.A.,
   Terminating Sanctions Order ¶¶ 137, 140 (June 17, 2009) ........................................4

*Osorio v. Dole Food Co.*,
   665 F. Supp. 2d 1307 (S.D. Fla. 2009) .......................................................................4

*Pai v. Reynolds Foil, Inc.*,
   No. 10-1465, 2010 WL 1816256 (D.N.J. May 5, 2010) ...........................................11

*Pfizer Inc. v. Apotex, Inc.*,
   No. 08-cv-00948, 2009 WL 2843288 (D. Del. Aug. 13, 2009) ...............................................13

*Rayco Mfg. Co. v. Chicopee Mfg. Corp.*,
   148 F. Supp. 588 (S.D.N.Y. 1957) ........................................................................................12

*Sonion Nederland BV v. Asius Technologies LLC*,
   No. 11-67(RBK/KMW), 2011 WL 5826047 (D. Del. Nov. 18, 2011) ....................................12

*Steve D. Thompson Trucking Inc., v. Dorsey Trailers, Inc.*,
   870 F.2d 1045 (5th Cir. 1989)................................................................................................9

*Tellez v. Dole Food Co.*,
   Case No. BC312852, Cal. Super. Ct., Cnty. of L.A.,
   Statement of Decision ¶¶ 127, 140 (June 17, 2009)................................................................4

*Time-Warner Cable Inc. v. GPNE Corp.*,
   497 F. Supp. 2d 584 (D. Del. 2007) .............................................................................10, 15

*Unitronics, Inc. v. Robotic Parking Sys. Inc.*,
   No. 09-3493, 2010 WL 2545169 (D.N.J. June 18, 2010) ......................................................10

*Vinik Marine, Inc. v. Ironhead Marine, Inc.*,
   No. 10-1918, 2012 WL 1067737 (D.N.J. Mar. 29, 2012)......................................................11

*W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*,
   751 F.2d 721 (5th Cir. 1985)................................................................................................10

*Zokaites v. Land-Cellular Corp.*,
   424 F. Supp. 2d 824 (W.D. Pa. 2006) ...................................................................................12

Dole Food Company Inc., Dole Fresh Fruit Company, Standard Fruit Company, and Standard Fruit and Steamship Company (collectively "Dole") respectfully moves this Court to dismiss this action pursuant to the "first-filed" rule.

## I.    INTRODUCTION

The complaints in these six cases are *identical* to the six complaints that the same plaintiffs filed in federal court in Louisiana over a year ago. The allegations were copied verbatim, and the parties are unchanged. The cases have no substantive connection to Delaware. The complaints' only purpose, their author admits, are to act as a purported placeholder in case the same defendants' pending motion for summary judgment in the Eastern District of Louisiana is granted. If that motion is denied, "the Plaintiffs," says their lawyer, "would elect to proceed in Louisiana."[1] Well-established federal law, however, prohibits such forum shopping and duplicative case filings. Consequently, the six cases should be dismissed.

The Third Circuit has long held that, under the "first-filed" rule, "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." *E.E.O.C. v. Univ. of Penn.*, 850 F.2d 969, 971 (3d Cir. 1988). The rule "encourages sound judicial administration and promotes comity among federal courts of equal rank" by preventing the "subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." *Id.* at 971. Where a party attempts to initiate duplicative litigation, application of the first-filed rule "will usually be the norm, not the exception." *Id.* at 979.

The Delaware Federal Actions consist of six substantively identical actions and com-

---

[1]      Letter from Scott Hendler to Hon. Carl Barbier (U.S. District Judge, E.D. La.), dated June 4, 2012, attached as Exhibit A to the Certification of Somers S. Price, Jr. ("Price Cert.").

plaints filed by Plaintiffs on June 1, 2012.[2] The Louisiana Federal Actions consist of six substantively identical actions and complaints filed by Plaintiffs in the United States District Court for the Eastern District of Louisiana on June 1-2, 2011.[3] Here, there can be no dispute that (1) the Louisiana Federal Actions and the Delaware Federal Actions are pending in two different courts of federal concurrent jurisdiction, (2) both sets of actions involve the same parties, and (3) both sets of actions raise the same issues. This is exactly the sort of economic waste and needless expenditure of judicial time and resources that the first-filed rule was designed to preclude. *See Funkhouser v. Chi-Chi's, Inc.*, No. 2:05CV638, 2005 WL 2545300, *1 (W.D. Pa. Oct. 7, 2005).[4]

Dismissal pursuant to the first-filed rule is especially appropriate here, because it represents the continuation of a pattern of abusive multiplicative litigation that courts should not condone, and that should be brought to an end. In the last two decades, there have been no fewer than 30 actions filed in Florida, Hawaii, Louisiana, and now Delaware, in the names of various permutations of portions of the same group of 3,000 plaintiffs, represented by the same plaintiffs' attorney, against the same defendants, involving the same issues. The filing of the Delaware Federal Actions is thus antithetical to this Circuit's public policy against forum shopping. *Edelson v. Soricelli*, 610 F.2d 131, 141 (3d Cir. 1979) (emphasizing policy of "preventing forum

---

[2]     For ease of reference, this memorandum will refer to all six actions collectively as the "Delaware Federal Actions." *See infra* § II.B.2. Unless specifically stated otherwise, citations to the Delaware Federal Actions Complaint ("Del. Compl.") will refer to the Complaint in *Gonzalez Araya Franklin et al. v. Dole Food Company, Inc., et al.*, No. 1:12-cv-00702-RGA (D. Del. June 1, 2012).

[3]     *See infra* § II.B.1 n.5 and accompanying text. For ease of reference, this memorandum will refer to all six actions collectively as the "Louisiana Federal Actions." Unless specifically stated otherwise, citations to the Louisiana Federal Actions Complaint ("La. Compl.") will refer to the Fourth Amended Complaint in *Araya Franklin et al. v. Dole Food Company, Inc., et al.*, No. 2:11-cv-01311-CJB-KWR (E.D. La. March 12, 2012).

[4]     Copies of all unreported decisions cited herein are included in the compendium of cases filed contemporaneously herewith.

shopping"). While a plaintiff generally can file in his or her forum of choice, these Plaintiffs cannot maintain duplicative litigation here as a hedge against an unfavorable outcome in Louisiana—a forum that Plaintiffs voluntarily chose to litigate their claims. "To condone such obvious instances of 'forum shopping' would only serve to . . . defeat any hope for judicial economy and the orderly resolution of cases." *McDermott v. Toyota Motor Sales Co.*, 487 F. Supp. 484, 486 (E.D. Tenn. 1980).

Plaintiffs picked their forum when they first-filed their claims in Louisiana. They have amended those complaints four times, and should be held to that choice. This Court should, therefore, exercise its power to dismiss the Delaware Federal Actions under the first-filed rule.

## II.   STATEMENT OF FACTS

### A.   Overview of DBCP Litigation

Plaintiffs are foreign nationals from Central and South America who allege they were exposed to the agricultural chemical DBCP while working on banana farms in their respective countries of origin beginning as far back as the 1960s. Virtually all of the Plaintiffs' alleged exposures ended no later than the very early 1980s. There is no dispute that DBCP has not been manufactured or used in any country for decades. While DBCP was linked in the early 1980s to sterility in male factory workers who were exposed to high, manufacturing-level doses, the agricultural application of DBCP has never been shown to cause sterility. And even in cases where exposure to DBCP could adversely impact an individual's sperm production, *i.e.*, at manufacturing-level doses, this injury would be sustained at the time of exposure. *Osorio v. Dole Food Co.*, 665 F. Supp. 2d 1307, 1331 (S.D. Fla. 2009). No less than 25 years have passed between Plaintiffs' last alleged exposure to DBCP and the filing of their actions before this Court.

Plaintiffs are not the first to file DBCP claims in the United States. Thousands of other foreign nationals claiming to have been exposed to DBCP while working on banana farms have

3

brought lawsuits, as far back as the 1980s, based on the same theories asserted by Plaintiffs. And, despite the lack of substantive scientific data indicating a causal relationship between the agricultural application of DBCP and decreased sperm production, there continues to be extensive DBCP litigation.  To date, there has only been one verdict in favor of agricultural worker plaintiffs, and that judgment was vacated after it was found that it was obtained by fraud.  *Tellez v. Dole Food Co.*, Case No. BC312852, Cal. Super. Ct., Cnty. of L.A., Statement of Decision ¶¶ 4, 6 (March 11, 2011) (vacating judgment because it was the "product of a fraud on the court and extrinsic fraud perpetrated" against Dole that "deprived defendants of their due process rights" and "impugned the integrity of the court").  A number of other courts have also found the DBCP litigation brought on behalf of foreign nationals to be marred by fraud and a lack of due process for the defendants.  *Osorio*, 665 F. Supp. 2d at 1351, aff'd, 635 F.3d 1277, 1279 (11th Cir. 2011) (denying enforcement and recognition of a $97 million Nicaraguan judgment where the judgment "did not arise out of proceedings that comported with the international concept of due process"); *Mejia v. Dole Food Co. & Rivera v. Dole Food Co.*, Case Nos. BC340049, BC379820, Cal. Super. Ct., Cnty. of L.A., Terminating Sanctions Order ¶¶ 137, 140 (June 17, 2009) (issuing terminating sanctions against Nicaraguan plaintiffs because of an "egregious" fraud and "witness intimidation" that "threatened the integrity of the judicial process").

**B.**     **Procedural History**

   **1.**     **June 2011:  The Louisiana Federal Actions**

   On June 1-2, 2011, six actions were filed in the United States District Court for the Eastern District of Louisiana on behalf of 230 plaintiffs who claim to have been injured while working on banana farms in Costa Rica, Ecuador, or Panama from alleged exposure to the agricultural

chemical DBCP.[5]  Plaintiffs assert six causes of action for Negligence, Strict Liability, Breach of

Implied Warranty, Conspiracy, Participation and Assistance, and Medical Monitoring.  Plaintiffs

filed these actions against fruit grower defendants Dole, Del Monte Fresh Produce, N.A., Inc.,

and Chiquita Brands International, Inc., Chiquita Brands, Inc., and Maritrop Trading Corpora-

tion, and chemical manufacturer defendants The Dow Chemical Company, Shell Oil Company,

Occidental Chemical Corporation, and AMVAC Chemical Corporation (collectively, the "De-

fendants").

Following the filing of the Louisiana Federal Actions, the plaintiffs filed multiple amend-

ed complaints, primarily in response to motions to dismiss.  The operative Louisiana complaint is

now the Fourth Amended Complaint, filed on March 12, 2012.  Prior to the first case manage-

ment conference, "[a]ll Parties agree[d] that the central issue to be addressed at the outset should

be prescription," *i.e.*, Louisiana's statute of limitations.  (Letter from Phillip A. Wittmann to

---

[5]        The Louisiana Federal Actions consist of the following cases filed on behalf of
230 plaintiffs:  (1) *Gonzalez Araya Franklin v. Dole Food Company, Inc.,* No: 2:11-cv-
1311-CJB-KWR, filed on June 2, 2011 on behalf of 32 plaintiffs alleging work on banana
farms in Ecuador, Panama, or Costa Rica ("*Franklin* Louisiana"); (2)  *Edwin Aguero
Jimenez v. Dole Food Company, Inc.,* No: 2:11-cv-1320-CJB-KWR, filed on June 2,
2011, on behalf 56 plaintiffs alleging work on banana farms in Ecuador, Panama, or Cos-
ta Rica ("*Jimenez* Louisiana"); (3) *Jorge Luis Aguilar Mora v. Dole Food Company, Inc.,*
No:2:11-cv-1305-CJB-KWR, filed on June 1, 2011 on behalf 41 plaintiffs alleging work
on banana farms in Ecuador, Panama, or Costa Rica ("*Mora* Louisiana"); (4) *Miguel
Francisco Alvarado Alfaro v. Dole Food Company, Inc.,* No: 2:11-cv-1303-CJB-KWR,
filed on June 1, 2011, on behalf of 34 plaintiffs alleging work on banana farms in Ecua-
dor, Panama, or Costa Rica ("*Francisco* Louisiana"); (5) *Julio Abrego Abrego v. Dole
Food Company, Inc.,* No: 2:11-cv-1301-CJB-KWR, filed on June 1, 2011, by 36 plain-
tiffs alleging work on banana farms in Panama ("*Abrego* Louisiana"); and (6) *Tobias
Bermudez Chavez v. Dole Food Company, Inc.*, No: 2:11-cv-1300-CJB-KWR, filed on
June 1, 2011, on behalf of 31 plaintiffs alleging work on banana farms in Ecuador, Pana-
ma, or Costa Rica ("*Chavez* Louisiana").  A seventh action, which is not at issue here, was
also filed on May 31, 2011, entitled *Eduardo Alvarado Chaverri v. Dole Food Com-
pany*, No: 2:11-cv-1289-CJB-KWR, by 30 plaintiffs alleging work on banana farms in
Ecuador, Panama, or Costa Rica ("*Chaverri* Louisiana").  On May 2, 2012, all seven ac-
tions were consolidated under *Chaverri* Louisiana.  (Civil Docket 141, Price Cert. Exh.
C.)

Hon. Ivan L.R. Lemelle, Judge, E.D. La., (February 27, 2012), Price Cert. Exh. B.)  Following a

hearing, the Louisiana District Court agreed that statute of limitations was a threshold inquiry,

and, on March 5, 2012, ordered a briefing schedule on a motion for summary judgment.

      Dole's motion for summary judgment, joined by all Defendants, was filed on April 6,

2012.  (Memorandum In Support of Dole's Motion for Summary Judgment, Price Cert. Exh. F.)

In its motion, Dole argues that plaintiffs' claims are time-barred on the face of the complaint

pursuant to Louisiana's one-year statute of limitations.  (*Id.* at 11.)  Plaintiffs argued that the

statute of limitations was tolled from 1993, when a putative class action was filed by others in

Texas, until 2010, when the two intervenors represented by Mr. Hendler voluntarily dismissed

their petition to intervene in the class action (which already had been abandoned in 2006 by the

original class representatives) after the denial of a motion for class certification.  Dole disputes

plaintiffs' 17-year tolling theory on separate and independent grounds, including:  (1) the first

class certification motion in the Texas action was denied in 1995 when the Texas case was dis-

missed, and post-1995 appellate proceedings do not extend class action tolling under *American*

*Pipe & Construction Co. v. Utah*, 414 U.S. 538, 554 (1974) ("American Pipe") (*id.* at 13-15); (2)

the Texas putative class was a loosely defined mass tort class whose definition was so vague that

it could not serve as the basis for class action tolling (*id.* at 15-18); (3) even if class action tolling

would otherwise apply, it does not apply cross-jurisdictionally (*id.* at 18-23); and (4) over 200 of

the plaintiffs in Louisiana had opted out of the class because they were among the plaintiffs who

filed an action in Florida, California, and/or Hawaii prior to the ruling on class certification,

thereby abandoning prematurely the *quid pro quo* arrangement to promote judicial efficiency that

*American Pipe* was adopted to encourage (*id.* at 23-24).

On May 1, 2012, just eight days before their response to the summary judgment motion was due, the Louisiana plaintiffs filed a motion to stay the briefing based on the Louisiana Supreme Court's grant of review in *Helen Duckworth v. Louisiana Farm Bureau Mutual Insurance Company c/w Tony Smith v. Louisiana Farm Bureau Mutual Insurance Company*, No. 2011-C-2385 (March 30, 2012).  (Docket Entry 136, Price Cert. Exh. C.)  At most, *Duckworth* may address whether a putative class member, who files a separate action before a decision on class certification, has opted out of the class, thereby depriving him of the benefits of class action tolling under *American Pipe*.  At plaintiffs' request, the Court issued a stipulated order staying summary judgment briefing on the narrow issue presented in *Duckworth* but otherwise allowing the motion to proceed.  (Order, *Chaverri* Louisiana, Price Cert. Exh. G.)  On June 11, 2012, plaintiffs filed their opposition brief, and Defendants' reply is due on July 11.  The hearing on the motion is set for August 1, 2012.

## 2.    June 2012:  The Newly-Filed Delaware Federal Actions

On June 1, 2012, Plaintiffs' counsel filed the following six actions in the United States District Court for the District of Delaware on behalf of 230 plaintiffs:  (1) *Gonzalez Araya Franklin, et al. v. Dole Food Company, Inc., et al.*, No. 1:12-cv-00702-RGA (D. Del. June 1, 2012) ("*Franklin* Delaware") filed on behalf of the same 32 named plaintiffs in *Franklin* Louisiana; (2) *Edwin Aguero Jimenez, et al. v. Dole Food Company, Inc., et al.*, No. 1:12-cv-00701-RGA (D. Del. June 1, 2012) ("*Jimenez* Delaware") filed on behalf of the same 56 named plaintiffs in *Jimenez* Louisiana; (3) *Jorge Luis Aguilar Mora, et al. v. Dole Food Company, Inc., et al.*, No. 1:12-cv-00700-RGA (D. Del. June 1, 2012) ("*Mora* Delaware") filed on behalf of the same 41 plaintiffs in *Mora* Louisiana; (4) *Alvarado Alfaro Miguel Francisco, et al. v. Dole Food Company, Inc., et al.*, No. 1:12-cv-00699-RGA (D. Del. June 1, 2012) ("*Francisco* Delaware")

filed on behalf of the same 34 named plaintiffs in *Francisco* Louisiana; (5) *Julio Abrego Abrego, et al. v. Dole Food Company, Inc., et al.*, No. 1:12-cv-00698-RGA (D. Del. June 1, 2012) ("*Abrego* Delaware") filed on behalf of the same 36 named plaintiffs in *Abrego* Louisiana; and (6) *Tobias Bermudez Chavez, et al. v. Dole Food Company, Inc., et al.*, No. 1:12-cv-00697 (D. Del. June 1, 2012) ("*Chavez* Delaware") filed on behalf of the same 31 named plaintiffs in *Chavez* Louisiana.[6] (*See* Plaintiff Listing Chart, Price Cert. Exh. H.)

The Delaware Federal Actions are the same as the Louisiana Federal Actions. (*See* Redline Comparison of Complaints, Price Cert. Exh. D.) Plaintiffs do not dispute that these actions are identical. Three days after filing the Delaware Federal Actions, on June 4, 2012, Plaintiffs' Louisiana counsel Mr. Hendler sent a letter to the Honorable Carl Barbier, the United States District Judge to which the Louisiana Federal Actions are assigned, recognizing the bar against pursuing "duplicate cases in different federal judicial districts," but requesting the court's "indulgence over the next several months." (Price Cert. Exh. A.) Mr. Hendler explained that in another DBCP case pending in Delaware state court since July 21, 2011 (*Jose Rufino Canales Blanco v. AMVAC Chemical Corp., et al.*, No. N11C-07-149) filed on behalf of one Costa Rican plain-

---

[6]  At the same time the complaints in the Delaware Federal Actions were filed on behalf of 230 plaintiffs, Plaintiffs' counsel filed two actions in this Court (*Gonzalo Rodrigo Abad-Castillo et al. v. Dole Food Company, Inc., et al.*, No. 12-cv-00696-RGA (D. Del. June 1, 2012) and *Luis Antonio Aguilar Marquinez, et al. v. Dole Food Company, Inc., et al.*, No. 12-cv-00695-RGA (D. Del. May 31, 2012)) on behalf of a combined 2,700 plaintiffs who purport to be banana workers from Panama, Costa Rica, Ecuador and Guatemala alleging damages based on DBCP exposure. The same actions are not pending in the Louisiana District Court, thus Dole is not seeking dismissal of those two actions at this time. On June 1, 2012, Plaintiffs' counsel also filed an action in Delaware state court, *Eudardo Alvarado Chaverri, et al. v. Dole Food Company, Inc., et al.*, No. N12C-06-017 JOH (Del.Super.), on behalf of 30 plaintiffs from Ecuador, Panama and Costa Rica, who have pending claims in the Louisiana District Court. Because the Delaware state court action is identical to an action pending in Louisiana District Court, Dole is likewise seeking a dismissal of the Delaware state court action under the first-filed rule.

tiff, the defendants filed a motion for judgment on the pleadings that raises the same issues on

statute of limitations under Delaware law as the motion for summary judgment on prescription

currently pending before the court based on Louisiana law, and that, on May 31, 2012, the Dela-

ware state court issued a letter notifying the parties of the court's intention to deny the motion

that the plaintiff's case was barred by limitations. (*Id.*; Letter from Hon. Jerome O. Herlihy,

Judge, Superior Court of the State of Delaware, to counsel for all parties (May 31, 2012), Price

Cert. Exh. E.). Mr. Hendler further explained that, "Plaintiffs . . . believed it was imperative to

take steps to protect and preserve their claims that are subject to Dole's summary judgment on

Prescription in Louisiana by also filing their cases in Delaware." (Price Cert. Exh. A.) Mr.

Hendler makes clear his strategy of filing the Delaware Federal Actions to backstop a potential

loss in Louisiana District Court:

> [T]he Louisiana Supreme Court is expected to conclusively determine the [opt-out] issue later this year and before the Delaware Supreme Court is likely to have the opportunity to squarely address the matter. If the La. Supreme Court rules that the Plaintiffs cases are not Prescribed, the Plaintiffs would elect to proceed in Louisiana because the Prescription issue would have been conclusively determined. But **if this Court and the Louisiana Supreme Court determine that the cases are in fact Prescribed, then Plaintiffs can continue to pursue the merits of their claims in Delaware**.

(*Id.* (emphasis added).)

Plaintiffs' hypothesis that they will be able to pursue the Delaware Federal Actions after

a determination in Louisiana on Dole's motion for summary judgment that their claims are time-

barred is incorrect. On the same facts presented here, the Fifth Circuit held that res judicata will

bar Plaintiffs' attempt to get a second bite at the apple in Delaware. *Steve D. Thompson Truck-*

*ing Inc., v. Dorsey Trailers, Inc.*, 870 F.2d 1045, 1046 (5th Cir. 1989) (finding that a "dismissal

with prejudice of [the plaintiff's] diversity action by the Louisiana federal district court has res

judicata effect on [the plaintiff's] duplicative diversity action in Mississippi federal district

court"). This Court, however, need not reach the res judicata issue as Plaintiffs' duplicative action is subject to dismissal now under the first-filed rule.

### III.   THE DELAWARE FEDERAL ACTIONS SHOULD BE DISMISSED PURSUANT TO THE FIRST-FILED RULE

"The first-to-file rule gives courts the power to dismiss subsequent claims involving the same parties and the same issues already before another court," "reduces the possibility of dispositive differences between the jurisdictions and ensures that litigants receive a single determination of their controversy, rather than multiple decisions which may conflict and require separate appeals," and "helps to avoid the waste involved in duplicative suits, and the delay in providing prompt administrative justice." *Time-Warner Cable Inc. v. GPNE Corp.*, 497 F. Supp. 2d 584, 588, 590 (D. Del. 2007) (granting dismissal because the "two cases both involve the same facts and the same patent, trying the matter in two different courts would defeat the reasoning behind the first-to-file rule"). Indeed, it is well-recognized that "[a]s part of its general power to administer its docket, a district court may . . . dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000); *Unitronics, Inc. v. Robotic Parking Sys. Inc.*, No. 09-3493, 2010 WL 2545169, at *3 (D.N.J. June 18, 2010) ("[A] federal court has the inherent power to dismiss a duplicative suit."). "The power to dismiss a duplicative lawsuit is meant to foster judicial economy," the "comprehensive disposition of litigation," and to protect parties from "the vexation of concurrent litigation over the same subject matter." *Curtis*, 226 F.3d at 138.[7]

---

[7]      The Fifth Circuit has also held that, "it seems clearly better for parties to rely on the discretion of the court in the second-filed action to prevent duplicative litigation, rather than require them to seek an injunction in another court to prevent such duplicative litigation." *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 732 (5th Cir. 1985).

Here, the Delaware Federal Actions are identical to the Louisiana Federal Actions making the application of the first-filed rule to dismiss the Delaware Federal Actions inescapable: both are pending in two different federal courts with concurrent jurisdiction, both involve the same plaintiffs and defendants, and both allege identical claims and the same harm. *See, e.g., Funkhouser*, 2005 WL 2545300 at *2 (dismissing second action after finding that no "circumstances exist in this matter which would justify a departure from the first-filed rule" where both actions were filed by the same plaintiff, "both assert the 'same rights' through the same six contractually based theories of recovery, both assert the 'same facts' and claim the same harm, and both demand the same 'relief' from [the defendant]"). Moreover, as set forth above, the first-filed Louisiana Federal Actions have "proceeded much further" than the just-filed Delaware Federal Actions up to the point where a dispositive motion is pending. *Pai v. Reynolds Foil, Inc.*, No. 10-1465, 2010 WL 1816256, at *5 (D.N.J. May 5, 2010); *see Vinik Marine, Inc. v. Ironhead Marine, Inc.*, No. 10-1918, 2012 WL 1067737, at *6 (D.N.J. Mar. 29, 2012) (dismissing action where there are "pending dispositive motions [in the first filed action] and the case has progressed further than the [second] action"); *Crown Cork & Seal Co. v. United Steelworkers of Am.*, No. 03-1381, 2004 WL 117923, at *3 (W.D. Pa. Jan. 9, 2004) (granting motion to dismiss when first-filed action was "substantially further along"). Under the circumstances presented here, allowing the Delaware Federal Actions to continue is an unjustified waste of judicial time and resources.

Nor are there any "exceptional circumstances" which would warrant a departure from the first-filed rule. *E.E.O.C.*, 850 F.2d at 972. Courts have limited such rare departures where the equities weigh heavily against the first-filed rule's application such as where evidence exists of

"1) bad faith [in filing the first action],[8] or 2) forum shopping [by the party seeking application of

the first-filed rule],[9] or where 3) the second-filed action is further developed than the first, or 4)

the first-filing party commenced suit in anticipation of the second party's imminent filing in a

less favorable forum." *Sonion Nederland BV v. Asius Techs. LLC*, No. 11-67(RBK/KMW), 2011

WL 5826047, at *3 (D. Del. Nov. 18, 2011); *E.E.O.C.*, 850 F.2d at 976.  None of these circum-

stances exist here.  To the contrary, Dole, which seeks the application of the first-filed rule, is the

victim of Plaintiffs' bad-faith forum shopping.

The first and second-filed identical actions were *both* filed by *Plaintiffs*.  There is thus no

distinction in motives between the party filing the first action and the party filing the second ac-

tion.  There is, however, blatant forum shopping.  Plaintiffs admit that they are currently subject

to having judgment entered against them in Louisiana, and thus filed this action in Delaware to

hedge their bets.  Specifically, Plaintiffs informed the Louisiana District Court that they would

"elect to proceed in Louisiana," only if they succeeded in defeating Dole's pending motion for

summary judgment.  (Price Cert. Exh. A.)  Otherwise, Plaintiffs contend they will "continue to

pursue the merits of their claims in Delaware."  (*Id.*)

Plaintiffs' conduct is quintessential, improper forum shopping: "the selection of a court

with an eye towards gaining an advantage based on the forum's favorable substantive law or the

avoidance of unfavorable law in an alternative forum." *Zokaites v. Land-Cellular Corp.*, 424 F.

Supp. 2d 824, 839 (W.D. Pa. 2006).  As observed by Justice Becker's concurring opinion in

*Deleski v. Raymark Industries, Inc.*, while a plaintiff's "freedom to choose a forum is, in part, a

---

[8]    *E.E.O.C.*, 850 F.2d at 976-77 (citing *Berkshire Int'l Corp. v. Marquez*, 69 F.R.D.
583, 588 (E.D. Pa. 1976) (finding no evidence that the first-filed action "was not brought
in good faith")).
[9]    *E.E.O.C.*, 850 F.2d at 977 (citing *Rayco Mfg. Co. v. Chicopee Mfg. Corp.*, 148 F.
Supp. 588, 593 (S.D.N.Y. 1957) (declining to apply the first-filed rule because of the
"readily apparent 'forum shopping,' by the jumbled plaintiffs and defendants")).

freedom to decide which state's law will govern her case," a plaintiff that has made that "choice at the outset of the case . . . may [not] still make it—for a second time—after the complaint is filed." 819 F.2d 377, 384 (3d Cir. 1987) (concurring with the majority holding that it was not in interest of justice to transfer the case because of the plaintiff's "tardy discovery that her complaint is time-barred"). Thus, when the plaintiff in *Deleski* sought to avoid the first forum's statute of limitations by filing a duplicative action in a second federal forum, Justice Becker rejected this gambit for the additional reason that allowing the second suit to continue "would entitle her not only to this change of forum, but perhaps to a second, third, or ninth change"—"the prospect of a defendant being dragged to several different fora while a plaintiff searches for the most hospitable law is singularly unattractive." *Id.*

Courts have thus consistently rejected this type of forum shopping whether the filings are simultaneous or successive finding, "it would be inappropriate to allow the plaintiff to file identical actions in different courts and then pick the court in which it wishes to proceed." *Pfizer Inc. v. Apotex, Inc.*, No. 08-cv-00948, 2009 WL 2843288, at *3 (D. Del. Aug. 13, 2009); *also Rick v. Wyeth, Inc.*, 662 F.3d 1067, 1072 (8th Cir. 2011) (holding that successive actions are "a paradigmatic example of egregious forum shopping" where plaintiff filed a Minnesota action after a New York action was dismissed with prejudice on statute of limitations grounds); *McDermott*, 487 F. Supp. at 486 (dismissing action because the plaintiff "appears to be shopping for a favorable forum" where the plaintiff "having the choice of forum, decided to try the case in state court," but "[w]hen the court thus selected by the plaintiff indicated that the plaintiff was about to lose, the plaintiff took a non-suit" and refiled in federal court). Having made transparent their desire to avoid potentially unfavorable law in the first-filed forum of their choosing by filing the

13

Delaware Federal Actions, Plaintiffs have likewise made transparent that the equities weigh against them and their action should be dismissed.

## IV.   CONCLUSION

Plaintiffs chose to file suit in Louisiana over a year ago and, at this juncture, cannot pursue the same claims in this Court because they believe they might obtain a more favorable result. The first-filed rule was created to avoid the situation now before this Court: "to prevent a multiplicity of actions and to achieve resolution in a single lawsuit of all disputes from common matters." *Time Warner Cable*, 497 F. Supp. 2d at 589.  Accordingly, this Court should dismiss the Delaware Federal Actions in favor of the first-filed and pending Louisiana Federal Actions.

<div style="margin-left: 40%;">

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By:

Somers S. Price, Jr.  (ID No. 279)
1313 North Market Street—6th Floor
Wilmington, Delaware  19801
(302) 984-6000
Fax:  (302) 658-1192
sprice@potteranderson.com

*Attorneys for Defendant Dole Food Company, Inc.,*
*Dole Fresh Fruit Company, Standard Fruit*
*Company, and Standard Fruit and Steamship*
*Company*

</div>

Date:   June 21, 2012

[1064322 / 39209]

14

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2012 a copy of the *Memorandum Of Points And Authorities In Support Of Dole Food Company, Inc., Dole Fresh Fruit Company, Standard Fruit Company, And Standard Fruit And Steamship Company's Motion To Dismiss Under The First-Filed Rule* was served by electronic filing via CM/ECF upon the following counsel of record:

> Michael L. Sensor, Esquire
> Perry & Sensor
> 704 North King Street--Suite 560
> P.O. Box 1568
> Wilmington, Delaware  19899-1568

SOMERS S. PRICE, JR.  (ID No. 2779)

[1064322 / 39209]