IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TOBIAS BERMUDEZ CHAVEZ, et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 12-697-RGA |
| DOLE FOOD COMPANY INC., et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| JULIO ABREGO ABREGO, et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 12-698-RGA |
| DOLE FOOD COMPANY INC., et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| ALVARADO ALFARFO MIGUEL FRANCISCO, et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 12-699-RGA |
| DOLE FOOD COMPANY INC., et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| JORGE LUIS AGUILAR MORA, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 12-700-RGA |
| | : | |
| DOLE FOOD COMPANY INC., et al., | : | |
| | : | |
| Defendants. | : | |

---

| | | |
|---|---|---|
| EDWIN AGUERO JIMENEZ, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 12-701-RGA |
| | : | |
| DOLE FOOD COMPANY INC., et al., | : | |
| | : | |
| Defendants. | : | |

---

| | | |
|---|---|---|
| GONZALEZ ARAYA FRANKLIN, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 12-702-RGA |
| | : | |
| DOLE FOOD COMPANY INC., et al., | : | |
| | : | |
| Defendants. | : | |

# **MEMORANDUM**

The Plaintiffs in these six related lawsuits filed six lawsuits in the Eastern District of Louisiana on June 1, 2011. One year later, on June 1, 2012, they filed these identical (in all material respects) lawsuits in this District. In each of the six cases, some of the Defendants have filed a motion to dismiss based on the "first-filed rule." While both sides recite, with some vitriol, the tortured background to these two sets of lawsuits, the only relevant facts relate to these two sets of lawsuits.

The first-filed rule is that when two federal district courts have the same case, the court which has the first case is the one that should decide the case. *See EEOC v. University of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988). Application of the first-filed rule essentially involves four inquiries. Are the lawsuits the same? Which one was filed first? Is there an exception to the rule that applies? If the rule applies, which remedy (transfer, stay, dismissal) should be applied?

There is some argument by Plaintiffs that the first-filed rule only applies when the second-filed case is brought by the Defendant in the first-filed case. The reasons for the rule, however, apply at least equally when the second-filed lawsuit is brought by the plaintiff in the first-filed case. The first-filed rule has certainly been applied previously when one party brought both the first-filed and the second-filed cases. *See, e.g., Vinik Marine, Inc. v. Ironhead Marine, Inc.*, 2012 WL 1067737, *3 (D.N.J. Mar. 29, 2012); *Funkhouser v. Chi-Chi's, Inc.*, 2005 WL 2545300, *2 (W.D. Pa. Oct. 7, 2005); *see also Worthington v. Bayer Healthcare, LLC*, 2012 WL 1079716, *2 (D.N.J. Mar. 30, 2012) (class action with different individual plaintiffs). Thus, I believe the first-filed rule is applicable to lawsuits brought by the same plaintiffs in two different federal district courts.

There is no dispute that these are the same lawsuits. There is also no dispute that the

Eastern District of Louisiana cases were filed first.

There are rare exceptions to the general rule that the second-filed lawsuit should give way to the first-filed. Most of them do not logically apply when the plaintiffs are the same in both cases. Three of the exceptions (plaintiff's bad faith in the first filing, plaintiff's forum shopping in the first filing, and plaintiff's race to the courthouse in the first filing) are thus not applicable. A fourth exception – if the second lawsuit is further along in the litigation – is not applicable because these lawsuits are in their infancy, and the Louisiana lawsuits have reached the summary judgment stage. A fifth exception – exceptional circumstances – is argued by the Plaintiffs. (*See, e.g.,* No. 12-697, D.I. 12, pp. 11-13). The argument is premised primarily on the proposition that Plaintiffs have been pursuing this litigation for decades, without success, due to Defendants' litigation tactics. Whatever force such an argument might have in a different set of circumstances (for example, if Defendants had sued Plaintiffs in Louisiana for a declaratory judgment, and Plaintiffs now opened a second front in Delaware), it has no force when Plaintiffs deliberately chose to file these lawsuits in Louisiana.

Thus, there is no exception to the application of the first-filed rule.

In terms of remedy, the possible options are transfer to the Eastern District of Louisiana, stay, or dismissal. As Plaintiffs note, a dismissal would be "with prejudice" because of the statute of limitations. The briefing provides no meaningful basis to consider the *Jumara* factors, which would be necessary in deciding whether to transfer the case to the Eastern District of Louisiana. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995). Thus, the issue is whether to stay or to dismiss. Unlike the usual case in which the first-filed rule is an issue, it is an issue in this case entirely because of the Plaintiffs' choices. There is no allegation that the Plaintiffs will not get an entirely fair hearing in the venue they chose. Plaintiffs filed in Delaware

notwithstanding their choice to file first in Louisiana. Decisions have consequences; one fair bite at the apple is sufficient. Thus, these cases will be dismissed with prejudice.

Plaintiffs state that besides for the 230 plaintiffs in these six cases, there are another 2,700 plaintiffs who have related claims in other lawsuits recently filed in this District. These 2,700 are not second-filed lawsuits. The fact that there are other related lawsuits that will remain pending does not alter the analysis as to these 230.

There is also the issue that not all defendants have moved to dismiss. Some of the defendants do not have to file a pleading for at least another month. It seems that the analysis as to them would be no different, but in the absence of any motions, there remains the possibility that there would be a material difference.[1] Thus, I will take no action as to them.

An appropriate order will be entered.

August 21, 2012

_Richard G. Andrews_
United States District Judge

---

[1] The Plaintiffs state that the Chiquita defendants have raised an issue about lack of personal jurisdiction in Louisiana. (No. 12-697, D.I. 12, p. 19). There is no basis to evaluate the seriousness of the motion. If there were a serious allegation of no jurisdiction over a defendant, that might suggest that granting a stay was the better course.