# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TOBIAS BERMUDEZ CHAVEZ, et al. | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Civil Action No. 1:12-cv-00697 RGA |
| v. | : | |
| | : | |
| DOLE FOOD COMPANY, et al. | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM IN SUPPORT OF MOTION FOR
## DISMISSAL OF CLAIMS PURSUANT TO RULE 12(b)(6)

**BLANK ROME LLP**
Steven L. Caponi, Esquire (DE ID #3484)
1201 North Market Street, Suite 800
Wilmington, DE  19801
(302) 425-6408
*Defendants, Chiquita Brands International,*
*Inc., Chiquita Brands, L.L.C. and Chiquita*
*Fresh North America, L.L.C.*

OF COUNSEL:
Jack Reynolds, Esquire (to be admitted *pro hac vice*)
Samuel E. Stubbs, Esquire (to be admitted *pro hac vice*)
Laura E. Schut, Esquire (to be admitted *pro hac vice*)
Pillsbury Winthrop Shaw Pittman LLP
Two Houston Center
909 Fannin, Suite 2000
Houston, TX 77010-1018
Tel:  713.276.7600
jack.reynolds@pillsburylaw.com
sam.stubbs@pillsburylaw.com
laura.schut@pillsburylaw.com

Dated: October 26, 2012

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ..........................................................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND..........................................................2

III.  APPLICABLE RULE 12(b)(6) STANDARDS ...................................................................3

IV.   RES JUDICATA .............................................................................................................3

V.    STATUTE OF LIMITATIONS .........................................................................................9

      A.    Attempts to Certify Mass Tort Claims as Class Actions Do Not Toll Statutes of
            Limitations..................................................................................................... 10
      B.    Delaware Should Not Accept Cross-Jurisdictional Tolling..................................... 12
      C.    Many of the Plaintiffs Filed Other Suits Effectively Opting Out of any Class
            Action. .......................................................................................................... 14
      D.    If There Was Any Tolling, As A Matter of Law the Tolling Stopped at the Latest
            by 1995. ........................................................................................................ 15

VI.   CONCLUSION ...............................................................................................................19

## TABLE OF AUTHORITIES

Page

### Cases

*American* Pipe *& Construction Co. v. Utah*
    414 U.S. 538 (1974)........................................................................................... 14, 15, 16, 20

*Armstrong v. Martin Marietta Corp.*
    138 F.3d 1374 (11th Cir. 1998) .................................................................................. 20, 21

*Barela v. Showa Denko K.K.*
    Cause No. 93-1469 LH/RLP, 1996 WL 316544
    (D.N.M. Feb. 28, 1996) ................................................................................................. 15

*Bell v. Showa Denko K.K.*
    899 S.W.2d 749 (Tex. App.—Amarillo 1995................................................................. 15, 17

*Bendix Corp. v. Stagg*
    *486 A.2d 1150 (Del. 1984)*............................................................................................ 13

*Bernard v. Parish*
    Cause No. 95-2780, 2008 WL 2859243
    (E.D. La. July 22, 2008)................................................................................................ 11

*Casey v. Merck & Co.*
    722 S.E.2d 842 (Va. 2012) ........................................................................................... 17

*Centanni v. Ford Motor Co.*
    636 So. 2d 1153 (La. Ct. App. 1994)............................................................................. 9, 12

*Chaverri v. Dole Food Co., Inc.*
    WL 4097216
    (E.D. La. Sept. 17, 2012) ........................................................................................*passim*

*Clemens v. DaimlerChrysler Corp.*
    534 F.3d 1017 (9th Cir. 2008) .................................................................................... 17

*Crown, Cork & Seal Co. v. Parker*
    462 U.S. 345 (1983)..................................................................................................... 14, 16, 20

*Dambro v. Meyer*
    974 A.2d 121 (Del. 2009) ............................................................................................. 22

*Delgado v. Shell Oil Co.*
    890 F. Supp. 1324 (S.D. Tex. 1995),
    *aff'd* 231 F.3d 165 (5th Cir. 2000)............................................................................. 6, 18, 21

*Denoux v. Vessel Management Serv., Inc.*
    983 So. 2d 84 (La. 2008) .............................................................................................. 10

*Deposit Bank of Frankfort v. Board of Councilmen of the City of Frankfort*
    191 U.S. 499, 510-12 (1903) ........................................................................................ 9

*Dole Food Co. v. Patrickson*
    538 U.S. 468 (2003)..................................................................................................... 6, 21, 22

*Easterly v. Metropolitan Life Ins. Co.*
  Cause No. 2006-CA-001580-MR, 2009 WL 350595
  (Ky. App. Feb. 13, 2009) ................................................................ 17

*Ewing v. Black*
  520 A.2d 653 (Del. 1987) ............................................................... 22

*In re Aredia & Zometa Prods.*
  754 F. Supp. 2d 939 (M.D. Tenn. 2010) ........................................ 17

*In re Rezulin Prods.*
  Cause No. Civ. 2843(LAK), 2005 WL 26867
  (S.D.N.Y. Jan. 5, 2005) .................................................................. 15

*Jolly v. Eli Lily & Co.*
  751 P.2d 923 (Cal. 1988) ............................................................... 15

*Louisiana Health Service and Indemnity Company v. McNamara*
  561 So. 2d 712 (La. 1990) ............................................................. 10

*Love v. Wyeth*
  569 F. Supp. 2d 1228 (N.D. Ala. 2008) ........................................ 17

*Maestas v. Sofamor Danek Group, Inc.*
  33 S.W.3d 805 (Tenn. 2000) .......................................................... 16

*Monahan v.City of Wilmington*
  Cause No. Civ.A 00-505 JJF, 2004 WL 758342
  (D. Del. Jan. 30, 2004) ................................................................... 21

*Nader v. Democratic Nat'l Comm.*
  590 S. Supp. 2d 164 (D.D.C. 2008) ................................................ 9

*Nelson v. County of Allegheny*
  60 F.3d 1010 (3d Cir. 1995) .......................................................... 21

*Newport v. Dell, Inc.*
  Cause No. CV-08-0096-TUC-CKJ(JCG), 2008 WL 4347311
  (D. Ariz. Aug. 21, 2008) ................................................................ 18

*Nordgren v. Trojan Contractors, Inc.*
  648 So. 2d 980 (La. Ct. App. 1994) ............................................... 11

*One Star v. Sisters of St. Francis*
  752 N.W.2d 668 (S.D. 2008) .......................................................... 17

*Oshiver v. Levin, Fishbein, Sedran & Berman*
  38 F3d 1380 (3d Cir. 1994) ............................................................. 7

*Paradise Vill. Children's Home, Inc. v. Liggins*
  886 So. 2d 562 (La. Ct. App. 2004) ............................................... 11

*Portwood v. Ford Motor Co.*
  701 N.E.2d 1102 (Ill. 1998) ........................................................... 16

*Ravitch v. Pricewaterhouse*
  793 A.2d 939 (Pa. Super. 2002) ..................................................... 17

*Robinson v. Johnson*
  313 F.3d 128 (3d Cir. 2002) ........................................................................... 7

Semtek *Int'l Inc. v. Lockheed Martin Corp.*
  531 U.S. 497 (2001)................................................................................... 7, 12

*Smith v. Securities and Exchange Comm'n*
  129 F.3d 356 (6th Cir. 1997) ......................................................................... 9

*Thelen v. Mass. Mut. Life Ins. Co.*
  111 F. Supp. 2d 688 (D. Md. 2000).............................................................. 17

*Todd v. F. Hoffman-La Roche, Ltd.*
  Cause No. 98 C 4574, 2004 WL 5238952
  (Kan. Dist. Ct. Aug. 20, 2004) ..................................................................... 16

*Vaught v. Showa Denko K.K.*
  107 F.3d 1137 (5th Cir. 1997) ..................................................................... 17

*Wade v. Danek Med., Inc.*
  182 F.3d 281(4th Cir. 1999) ........................................................................ 17

*Williams v. Murdoch*
  330 F.2d 745 (3d Cir. 1964) ........................................................................... 7

**Statutes and Codes**

Del. Code Annotated
  Title 10 § 8119 ........................................................................................... 13
  Title 10 § 8118(a) ....................................................................................... 19

La. Civil Code Annotated
  Article 3492 .................................................................................................. 8

La. Rev. Stat. Annotated
  Section 13:4231 ...................................................................................... 8, 12
  Section 13:4231(3) ..................................................................................... 14
  Section 13:4232 .......................................................................................... 11

**Rules and Regulations**

Federal Rule of Civil Procedure
  Rule 12(b)(6)......................................................................................... 4, 7, 22
  Rule 12(b) ..................................................................................................... 7
  Rule 23(f).................................................................................................... 21

**Other Authorities**

Wright & Miller, Fed. Prac. & P. §4433........................................................ 9

iii

Defendants Chiquita Brands International, Inc.,[1] Chiquita Brands, L.L.C., and Chiquita Fresh North America L.L.C. (collectively "Chiquita)," are entitled to a dismissal of Plaintiffs' Original Complaint (hereinafter "Complaint") under Federal Rule of Civil Procedure 12(b)(6). From the face of the Complaint, the Court's record and the law as set forth herein, it can be seen that all of Plaintiffs' claims are barred by res judicata and by the Delaware statute of limitations.

## I.      INTRODUCTION

Chiquita represents three of the twelve named defendants in the Complaint.   The Complaint alleges causes of action against Chiquita (and the other defendants) for purported injuries to Plaintiffs stemming from alleged misuse of dibromochloropropane ("DBCP") on banana plantations in Panama, Ecuador, and/or Costa Rica.

Each of the Plaintiffs in this matter previously filed suit against the same Defendants in the Eastern District of Louisiana.  Plaintiffs' Fourth Amended Complaint in the Louisiana case was virtually identical to the Complaint herein.   The Louisiana court granted all Defendants summary judgment based on the Louisiana statute of limitations in that matter.  *Chaverri v. Dole Food Co., Inc.*, Case Nos. 11-1289, 11-1300, 11-1301, 11-1303, 11-1305, 11-1311, and 11-1320, 2012 WL 4097216 (E.D. La. Sept. 17, 2012).[2]  As a result of that judgment, this matter is barred by res judicata.

Additionally and alternatively, the Delaware statute of limitations applicable to this matter, Del. Code Ann. tit. 10 § 8119, bars all of the claims set forth in the Complaint.

---

[1] Chiquita Brands International, Inc. joins this motion subject to its Rule 12(b)(2) motion filed contemporaneously herewith.  In doing so, it does not submit to personal jurisdiction of this Court, but asserts this motion only in the event that the Court finds that it has jurisdiction despite the arguments in the Rule 12(b)(2) motion.

[2] This decision has been appealed to the Fifth Circuit Court of Appeals.  The appeal is styled Cause No. 12-31026, *Chaverri v. Dole Food Co., Inc.*

1

## II.      FACTUAL AND PROCEDURAL BACKGROUND

Chiquita refers the Court to the opinion in *Chaverri*, 2012 WL 4097216 at *1-4 for a complete history of this matter.  A short summary is presented herein.

Plaintiffs allege that they were injured by exposure to DBCP from the 1960's through the 1992.[3]  In August 1993, a putative class action, *Jorge Carcamo v. Shell Oil Co.* was filed in a state district court in Brazoria County, Texas.  It was removed to the federal district court for the Southern District of Texas, relying on the Foreign Sovereign Immunities Act.  There, it was consolidated with *Delgado v. Shell Oil Co.*  On July 11, 1995, the federal district court dismissed the consolidated matter for *forum non conveniens* ("f.n.c.").  As a part of that denial, the court also denied all pending motions, including the plaintiffs' motion for class certification, as being moot.  *Delgado v. Shell Oil Co.*, 890 F. Supp. 1324, 1371-75 (S.D. Tex. 1995), *aff'd* 231 F.3d 165 (5th Cir. 2000), *cert. denied*, 532 U.S. 972 (2001).

Just over two years after denying certiorari in *Delgado*, the Supreme Court ruled that the Foreign Sovereign Immunities Act did not confer jurisdiction on federal courts in a similar DBCP matter that had been filed in Hawaii.  *Dole Food Co. v. Patrickson*, 538 U.S. 468 (2003).  As a result, on June 21, 2004, the Texas federal court remanded the *Delgado* and *Carcamo* matters to the Texas state district court.[4]  The state court reopened the cases.  On September 29, 2009, the *Carcamo* plaintiffs filed a new motion for class certification.  On June 3, 2010, the

---

[3] Chiquita presents this without waiving defenses to such assertions because of the standard of review for Rule 12(b)(2) motions.  Should this motion be denied, Chiquita will show that it ceased the use of DBCP well before the 1990's.

[4] Certain plaintiffs had tried to pursue their claims in their home country of Costa Rica and had been denied access to the courts there.  As a result, those plaintiffs had filed motions to reopen the matter in the Texas federal court pursuant to the dismissal order's return jurisdiction clause.  Those motions had been held without ruling, pending the result of appeals.  After the *Patrickson* holding, the whole case was then remanded.

Texas state court denied the motion for class certification.   On June 4, 2010, the *Carcamo* plaintiffs filed notices of nonsuit.  *Chaverri*, 2012 WL 4097216 at *2.

The plaintiffs herein filed seven cases, which were later consolidated into Chaverri, between May 31 and June 2, 2011, in the federal district court for the Eastern District of Louisiana.  All defendants in those cases moved for summary judgment based on the Louisiana statute of limitations.

"One year later, on June 1, 2012, [the same Plaintiffs] filed these "**identical (in all material respects)** lawsuits in this District."  Ct. Rec. 22 at 3 (emphasis added).

On September 17, 2012, the federal district court in Louisiana granted the defendants' (including Chiquita's) motions for summary judgment based on the statute of limitations.

## III.   APPLICABLE RULE 12(b)(6) STANDARDS

Even though Fed. R. Civ. P. 12(b) does not expressly list res judicata or statute of limitations as defenses to be asserted in a preliminary motion, the Third Circuit has continuously held that these defenses may be presented by a Rule 12(b)(6) motion.  *Williams v. Murdoch*, 330 F.2d 745, 749 (3d Cir. 1964)(res judicata may be raised by motion to dismiss or by an answer); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F3d 1380, 1385 n.1 (3d Cir. 1994)(statute of limitations may be asserted in a motion to dismiss if the complaint shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading); *Robinson v. Johnson*, 313 F.3d 128, 135 and n.3 (3d Cir. 2002)(reconfirming both).

## IV.   RES JUDICATA

In Semtek *Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 499 (2001), the Supreme Court addressed the question of "whether the claim-preclusive effect of a federal judgment

3

dismissing a diversity action on statute-of-limitations grounds is determined by the law of the State in which the federal court sits." The answer the Court gave was yes.

The Supreme Court explained that while the traditional rule is that expiration of the statute of limitations normally bars the remedy and does not extinguish the substantive right, so that a dismissal on that ground would not have claim-preclusive effect in other jurisdictions with longer, unexpired limitations periods, *id.* at 504, it would require the federal district court to determine the claim-preclusive effect of a judgment based on statute of limitations in the state in which the judgment was rendered in order to determine its res judicata effect in another jurisdiction.

> It is left to us, then, to determine the appropriate federal rule. . . .  Since state, rather than federal, substantive law is at issue there is no need for a uniform federal rule.  And indeed, nationwide uniformity in the substance of the matter is better served by having the same claim-preclusive rule (the state rule) apply whether the dismissal has been ordered by a state or a federal court.  This is, it seems to us, a classic case for adopting, as the federally prescribed rule of decision, the law that would be applied by state courts in the State in which the federal diversity court sits.

*Id.* at 508.  It therefore remanded that case to the Maryland courts for a determination of the claim-preclusive effect of the California federal district court's judgment based on the statute of limitations under California's law of claim preclusion.   *Id.* at 509.

Therefore, Louisiana's claim preclusion law is to be applied to determine the effect of the *Chaverri* judgment herein.   The court that granted summary judgment in a case that was "identical (in all material respects)" to this matter (same Plaintiffs, same Defendants, same facts, same causes of action) was in Louisiana.  Louisiana's law of claim preclusion is its civil code prescriptive periods, which act to extinguish the civil obligation to which they apply,

4

Chaverri was decided based on La. Civ. Code Ann. art. 3492.  2012 WL 4097216 at *4, 6-7.  That statute provides:  "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained."

Louisiana also has a statute regarding the application of res judicata:  "Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent: . . . (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation **are extinguished** and the judgment bars a subsequent action on those causes of action."  La. Rev. Stat. Ann. § 13:4231 (emphasis added).  While the *Chaverri* decision has been appealed, and is currently pending before the Fifth Circuit Court of Appeals, that does not affect the finality of the judgment, nor its res judicata effect.  The 1990 Comment (d) to § 13:4231 says:

> The use of the phrase "final judgment" also means that the preclusive effect of a judgment attaches once a final judgment has been signed by the trial court and would bar any action filed thereafter unless the judgment is reversed on appeal.  Having the res judicata effect of a judgment attach at the time of final judgment is rendered by the trial court is in accord with our present law on lis pendens . . . .

*See also,* Centanni *v. Ford Motor Co.*, 636 So. 2d 1153, 1155 (La. Ct. App. 1994)(A final judgment "bars similar subsequent actions unless the judgment is reversed on appeal").  Because the preclusive effect of the judgment attaches at the signing of the judgment by the trial court, and continues thereafter unless reversed on appeal, if *Chaverri* has preclusive effect on this case, the fact of a pending of appeal would not remove that preclusive effect.  It would remain unless and until a reversal occurs.  *See also, Deposit Bank of Frankfort v. Board of Councilmen of the City of Frankfort*, 191 U.S. 499, 510-12 (1903)(a judgment must be given full force and effect in

5

every other court until reversed on appeal); *Smith v. Securities and Exchange Comm'n*, 129 F.3d 356, 363 n.7 (6th Cir. 1997)(The fact of an appeal of a judgment does not deprive that judgment of res judicata effect); *Nader v. Democratic Nat'l Comm.*, 590 S. Supp. 2d 164, 169-70 (D.D.C. 2008)(order is final for res judicata purposes even though it is pending on appeal); Wright & Miller, Fed. Prac. & P. §4433.

In a products liability suit, the Louisiana Supreme Court expressly stated that art. 3492 extinguishes the civil obligations to which it applies.  The plaintiffs had initially filed a suit against their employer (VMS), the owner (Belle) and the operator (Bally's) of a riverboat casino that they were painting, alleging that they were injured by the fumes from the paint.  Those defendants filed a third-party claim against the manufacturer (Glidden) of the paint.  The plaintiffs then amended their petition to add Glidden as a defendant.  However, that occurred almost six years after the alleged injury.  The Supreme Court said:

> We also note that although Plaintiffs alleged that Glidden was jointly and solidarily liable with the original defendants, VMS, Bally's and Belle, Plaintiffs cannot rely on their allegation of solidary liability against the other defendants when their petition against these other defendants was not filed within one year. While Plaintiffs' cause of action accrued in April of 2000, Plaintiffs did not file their original petition for damages until November of 2001 – more than a year after the acts which gave rise to their injuries took place.  Delictual actions are subject to the liberative prescription of one year. La. C.C. art. 3492.  **Civilian prescriptive periods act to extinguish the civil obligation to which they apply.** *Louisiana Health Service and Indemnity Company v. McNamara*, 561 So. 2d 712 (La. 1990).  Once a cause of action is extinguished by prescription, a subsequent timely suit against alleged solidary obligors will not revive the prescribed action. . . . Plaintiffs injuries occurred between April and June, 2000.  There was no action interrupting or suspending the prescriptive period filed prior to November of 2001.  Therefore, the Plaintiffs' petition against the other three defendants will not revive the prescribed tort action against Glidden.

*Denoux v. Vessel Management Serv., Inc.*, 983 So. 2d 84, 89 (La. 2008)(emphasis added).

In the case cited for the emphasized statement, which dealt with the prescriptive period for

6

obligations represented by uncashed checks and the state's abandoned property statute, the Louisiana Supreme Court said: "Unlike statutes of limitations at common law, which are merely procedural bars to the enforcement of obligations, civilian prescriptive periods act to extinguish the civil obligation to which they apply. . . .  In the present case, LHSIC claims that it is not obligated to the Department because its obligations under the contracts prescribed prior to the lapse of the seven-year statutory period required for the obligations to be presumed abandoned. If this contention is correct, the civil obligations ceased to exist, and no property ever became abandoned." *Louisiana Health Service and Indemnity Company v. McNamara*, 561 So. 2d 712, 718 (La. 1990).  "Since the seven-year period for abandonment under La. R.S. 9:160 commenced on the date the checks were issued, LHSIC's obligations had prescribed prior to the accrual of that seven-year period.  Accordingly, the Department cannot enforce these obligations because they were extinguished by prescription before they could become 'abandoned property' under the Unclaimed Property statute." *Id.* at 720.

In another case involving art. 3492, a Louisiana Court of Appeal said:  "Delictual actions are subject to the liberative prescription of one year. . . .  Civilian prescriptive periods act to extinguish the civil obligation to which they apply. . . .  Once a cause of action is extinguished by prescription, a subsequent timely suit against alleged solidary obligors will not revive the prescribed action."  *Nordgren v. Trojan Contractors, Inc.*, 648 So. 2d 980, 981 (La. Ct. App. 1994).

The same district that decided *Chaverri* has also ruled that Louisiana judgments based on prescription are final judgments on the merits for purposes of res judicata.  "Both the Fifth Circuit and Louisiana courts have held that 'dismissals based on a plea of prescription is a final judgment [on the merits] for purposes of res judicata.'"  *Bernard v. Parish*, Cause No. 95-2780,

7

2008 WL 2859243, *5 (E.D. La. July 22, 2008).  *See also, Paradise Vill. Children's Home, Inc. v. Liggins*, 886 So. 2d 562, 568-69 (La. Ct. App. 2004) and cases cited therein.  The *Bernard* court did note that La. Rev. Stat. Ann. § 13:4232 provided for three exceptions to the operation of res judicata:  "'[a] judgment does not bar another action by the plaintiff:  (1) When exceptional circumstances justify relief from the res judicata effect of the judgment; (2) When the judgment dismissed the first action without prejudice; or, (3) When the judgment reserved the right of the plaintiff to bring another action.'"  2008 WL 2859243 at *5.  The court there did not find any of these exceptions to apply.  Neither should this court.

Should Plaintiffs attempt to assert that there are different causes of actions in this matter than were pending in *Chaverri*, despite this Court's prior finding that the cases were identical in all material respects, Chiquita points out that in Louisiana, a final judgment "extinguishes all causes of action arising from the same transaction or occurrence that is the subject matter of the suit . . . ."  *Centanni*, 636 So. 2d at 1155.  *See* also, La. Rev. Stat. Ann. § 13:4231 Comment (a).  Therefore, the preclusive effect is not limited to just the causes of action actually pled in the first case, but extends to any cause of action that arose out of the same occurrence, whether pled or not.

From a public policy viewpoint, Plaintiffs herein chose to file their suit initially in Louisiana.  Nothing precluded them from filing that suit in Delaware had they wanted to.  Instead, they only filed in Delaware when they saw that they might lose in Louisiana due to the statute of limitations.  If they lose on the statute of limitations in Delaware, will they file yet another suit in another state with yet a longer limitations period for torts, e.g. Utah where it is four years?  The judicial system should not allow such gamesmanship.  Plaintiffs should live

8

with the results of the choice that they freely made.  For the judicial system to function effectively and fairly, litigation must eventually have an end.

There can be no doubt that Louisiana's civil code prescriptive statutes extinguish the claims that they apply to once the prescriptive period has run.  Therefore, under the federal rule set forth in *Semtek*, that this Court must look to the law of the state where the prior judgment on the statute of limitations was rendered to determine whether it is merely procedural or it extinguishes the substantive right, this Court must find that the judgment in *Chaverri*, applying the Louisiana statute of limitations, extinguished any substantive rights in the claims asserted by Plaintiffs.  Therefore, *Chaverri* is res judicata to this matter and the Court should dismiss this case for failure to state a claim upon which relief can be granted.

## V.    STATUTE OF LIMITATIONS

Delaware provides for a two year statute of limitations on all claims brought by Plaintiffs in this case.  "No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained . . . ."  Del. Code Ann. tit. 10 § 8119.  Most of the Plaintiffs state in the Complaint that their exposure to DBCP ended in the late 1970's.  The latest exposure set forth by a Plaintiff is 1992.  Therefore, Plaintiffs' last exposure to DBCP is at least 20 years prior to their filing suit herein.  As such, Plaintiffs' claims are barred on the face of the Complaint.

Plaintiffs assert that they did not discover that their alleged injuries were due to their DBCP exposures prior to the filing of the Texas class action on August 31, 1993.  While Delaware does apply a discovery rule, it is incumbent upon Plaintiffs to assert when and how they each, individually, became aware that their alleged injuries were due to DBCP exposure.

9

*Bendix Corp. v. Stagg*, 486 A.2d 1150, 1153 (Del. 1984).  For most of the Plaintiffs who had their final exposure to DBCP in the 1970's, it is incredulous to believe that they could not have determined that they had suffered an injury (if in fact they have) for over 30 years.  Even if the Plaintiffs' assertion is taken as true for the purposes of this motion, the date given in the Complaint for the discovery is still over 18 years prior to the filing of this suit.  Plaintiffs' causes of action are still barred on the face of the Complaint, and the affirmative defense of statute of limitations clearly appears on the face of the pleading.

The court in *Chaverri* expressly found that Plaintiffs' claims were facially barred.  2012 WL 4097216 at *7.  In addition to claim preclusion, the Louisiana res judicata statute also provides for issue preclusion.  "A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment."  La. Rev. Stat. Ann § 13:4231(3).  "R.S. 13:4231 also changes the law by adopting the principle of issue preclusion.  This principle serves the interests of judicial economy by preventing relitigation of the same issue between the same parties."  *Id.* Comment (b).  Therefore, this Court is bound by the *Chaverri* finding that Plaintiffs' claims were facially barred.

In an attempt to overcome this consequence, Plaintiffs assert that the running of the statute of limitations was tolled by the attempt to obtain a class certification in the Texas case filed in 1993.  However, that case could not effectively toll the statute of limitations for a sufficient amount of time to allow this case to proceed.  There are four reasons that the statute is not tolled:

      **A.**      **Attempts to Certify Mass Tort Claims as Class Actions Do Not Toll Statutes of Limitations**.

The Supreme Court has allowed tolling due to application for class action status in certain situations. *American* Pipe *& Construction Co. v. Utah*, 414 U.S. 538, 552-53 (1974)(allowing tolling for putative class members who intervened in that case after class certification was denied); *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 350 (1983)(allowing tolling for putative class members who filed individual suits in the same federal court rather than intervening in the class action itself).   However, the reason for such tolling is that in those circumstances the Court found that the "class complaint notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment." *Id.* at 353.  As a prerequisite to class action tolling, the pleading must "'concern the same evidence, memories, and witnesses as the subject matter of the original class suit.'" *Id.* at 355 (J. Powell, conc.).

Because mass tort claims generally do not meet these requirements, most courts decline to apply the *American Pipe* tolling to mass tort cases.  In *Jolly v. Eli Lily & Co.*, 751 P.2d 923, 936 (Cal. 1988) the court said that "[t]he same reasons that render certification of mass-tort claims generally inappropriate render inappropriate the application and extension of *American Pipe* . . . to the present [mass tort] case."  Additionally, it held that mass tort class definitions are "presumptively" inadequate to provide a defendant notice because they are "incapable of apprising defendants of 'the substantive claims being brought against them.'" *Id.* at 937.

Other similar rulings include *In re Rezulin Prods.*, Cause No. Civ. 2843(LAK), 2005 WL 26867, *3 (S.D.N.Y. Jan. 5, 2005)("The wisdom of adopting the *American Pipe* rule in mass tort cases is, to say the least, highly debatable."); *Barela v. Showa Denko K.K.*, Cause No. 93-1469 LH/RLP, 1996 WL 316544, *4 (D.N.M. Feb. 28, 1996)(because most courts refuse to even

11

certify mass tort class actions, "tolling in such instances would be inappropriate"); *Bell v. Showa Denko K.K.*, 899 S.W.2d 749, 758 (Tex. App.—Amarillo 1995, writ denied)(refusing to apply *American Pipe* to a mass personal injury suit because of "the variety of claims necessarily involved in such a case . . . .").

The 1993 putative Texas class action definition is so broad as to constitute no notice to Chiquita at all.  It certainly was not enough warning to force Chiquita to submit to claims brought decades after the acts that allegedly caused the claims.  The class definition involved all persons exposed to DBCP between 1965 and 1990 in 25 countries.  There were no allegations indicating on what factual basis those persons would show liability or damages.  When companies doing business internationally receive "notice" requiring them to preserve "all evidence" from "all operations" anywhere in the world, they have not received any notice at all. *American Pipe* and its progeny do not condone a rule that permits such notice in exchange for removing the protections of the statute of limitations for over 18 years.  Therefore, the 1993 Texas case could not have tolled the Delaware statute of limitations for Plaintiffs.

### B.    Delaware Should Not Accept Cross-Jurisdictional Tolling.

Both *American Pipe* and *Crown, Cork* involved tolling within the same state as the class action filing.  Most courts that have addressed the issue have declined to extend the tolling to states where the class action was not filed, i.e. no cross-jurisdictional tolling.  "Most of the states that have considered the issue have rejected cross-jurisdictional tolling and for very good reason . . . ." *Todd v. F. Hoffman-La Roche, Ltd.*, Cause No. 98 C 4574, 2004 WL 5238952 (Kan. Dist. Ct. Aug. 20, 2004).

Illinois rejected cross-jurisdictional tolling, "refus[ing] to expose the Illinois court system to such forum shopping," because "[u]nless all states simultaneously adopt the rule . . . , any state which independently does so will invite into its courts a disproportionate share of suits which the federal courts have refused to certify as class actions after the statute of limitations has run." *Portwood v. Ford Motor Co.*, 701 N.E.2d 1102, 1104 (Ill. 1998). "State courts should not be required to entertain stale claims simply because the controlling statute of limitations expired while a federal court considered whether to certify a class action." *Id.*

In Tennessee, "[a]doption of the doctrine would run the risk that Tennessee courts would become a clearinghouse for cases that are barred in the jurisdictions in which they otherwise would have been brought." *Maestas v. Sofamor Danek Group, Inc.*, 33 S.W.3d 805, 808 (Tenn. 2000). "Tennessee 'simply has no interest . . . in furthering the efficiency and economy of the class action procedures of another jurisdiction.'" *Id.* Cross-jurisdictional tolling "would essentially grant to federal courts the power to decide when Tennessee's statute of limitations begins to run," which runs counter to the "legislature's power to adopt statutes of limitations and the exceptions to those statutes, and would arguably offend the doctrines of federalism and dual sovereignty." *Id.* at 809 (citations omitted).

Other courts have declined to apply cross-jurisdictional tolling. *Casey v. Merck & Co.*, 722 S.E.2d 842, 846 (Va. 2012)(Virginia does not allow cross-jurisdictional tolling); *Easterly v. Metropolitan Life Ins. Co.*, Cause No. 2006-CA-001580-MR, 2009 WL 350595, *5 (Ky. App. Feb. 13, 2009)(Kentucky would not allow cross-jurisdictional tolling); *One Star v. Sisters of St. Francis*, 752 N.W.2d 668, 681 (S.D. 2008)(rejecting cross-jurisdictional tolling); *Ravitch v. Pricewaterhouse*, 793 A.2d 939, 944-45 (Pa. Super. 2002)(rejecting cross-jurisdiction tolling in Pennsylvania because "'[u]nless all states simultaneously adopt the rule . . . any state which

13

independently does so will invite into its court a disproportionate share of suits'"); *Bell*, 899 S.W.2d at 757 (refusing to find that the filing of a mass personal injury suit in New Mexico tolled limitations on a claim filed in Texas); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025 (9th Cir. 2008)(rejecting cross-jurisdictional tolling under California law); *Wade v. Danek Med., Inc.*, 182 F.3d 281, 287-88 (4th Cir. 1999)(finding that Virginia would not adopt cross-jurisdictional tolling because it would cause Virginia to "be faced with a flood of subsequent filings once a class action in another forum is dismissed" and would "render the Virginia limitations period effectively dependent on the resolution of claims in other jurisdictions"); *Vaught v. Showa Denko K.K.*, 107 F.3d 1137, 1147 (5th Cir. 1997)(Texas would not allow cross-jurisdictional tolling); *In re Aredia & Zometa Prods.*, 754 F. Supp. 2d 939, 941 (M.D. Tenn. 2010)(Tennessee does not recognize cross-jurisdictional tolling); *Love v. Wyeth*, 569 F. Supp. 2d 1228, 1234-37 (N.D. Ala. 2008)(finding that Alabama courts would reject cross-jurisdictional class action tolling); *Thelen v. Mass. Mut. Life Ins. Co.*, 111 F. Supp. 2d 688, 694-95 (D. Md. 2000)(finding that Maryland would not adopt cross-jurisdictional tolling); and *Newport v. Dell, Inc.*, Cause No. CV-08-0096-TUC-CKJ(JCG), 2008 WL 4347311, *5 (D. Ariz. Aug. 21, 2008)(finding it unlikely that Arizona would adopt cross-jurisdictional tolling).

While the Delaware Supreme Court has not ruled on this issue,[5] it is probable that it would follow the majority of other states, and adopt the better reasoned rule rejecting cross-jurisdictional tolling.  Therefore, this Court should rule that the 1993 Texas case did not toll Delaware's statute of limitations for Plaintiffs in this case.

> **C.** **Many of the Plaintiffs Filed Other Suits Effectively Opting Out of any Class Action**.

---

[5] This issue is currently pending before the Delaware Supreme Court in Cause No. 492, 2012, *Dow Chemical Corp. v. Blanco*.

As noted in *Chaverri*, 2012 WL 4097216 at *3 n.14, in that case the defendants alleged that 110 of the plaintiffs therein (and therefore 110 of the Plaintiffs herein) filed suit in Florida in 1995, and Plaintiffs did not refute that allegation, but instead admitted that they did so as a "purely defensive measure . . . ."  By filing that suit in Florida, those 110 Plaintiffs asserted that they had knowledge of their claims at that point in time (i.e. the discovery rule had been complied with by that point) and they opted out of any class action suit, thereby stopping any tolling effect that might be found from the Texas case or the discovery rule in 1995 for those 110 Plaintiffs.

**D.      If There Was Any Tolling, As A Matter of Law the Tolling Stopped at the Latest by 1995**.

The court in *Chaverri* faced two issues:   "(1) did the July 1995 denial of class certification as moot count as a denial for the purposes of restarting prescription; and/or, (2) was the October 1995 order dismissing *Delgado* on the grounds of f.n.c. a final judgment, such that the action was no longer pending for prescription purposes.  An affirmative answer to either of these questions results in the prescription of the Plaintiffs' claims."  2012 WL 4097216 at *7. The court correctly answered both questions in the affirmative.  Because the Louisiana res judicata statute includes issue preclusion, these findings are binding on this Court in this matter. Even if not binding, the reasoning given for the answers is compelling.

Chaverri held that the dismissal of the Texas case for f.n.c. was a final judgment that interrupted any tolling that may have occurred:

> [T]his Court notes that the Texas district court also entered a "final judgment"
> dismissing the case on the grounds of f.n.c. on October 27, 1995. . . .  While
> Plaintiffs may argue that the October 27, 1995 judgment entered by the Texas

15

district court was not "final," this Court notes that the United States Supreme Court has specifically held that a dismissal under f.n.c. "puts *an end* to *action* and hence *is final* and appealable." Thus, Plaintiffs' arguments that the 1995 judgment merely stayed the case and/or "was tantamount to an interlocutory appeal" are without merit. Therefore, at most, prescription was interrupted until October 27, 1995, at which time it began to run anew . . . making the Plaintiffs' 2011 filing of the instant action approximately fifteen years too late.

2012 WL 4097216 at *8 (emphasis in original; footnotes omitted). This same logic holds true regardless of which state the new case is pending in. The Texas judgment was final, for Delaware as well as for Louisiana.

One difference between Louisiana and Delaware is that Delaware has a savings clause that might be applicable to provide Plaintiffs a small amount of additional time to have filed their suits. Del. Code. Ann. tit. 10 § 8118(a) provides: "If any action duly commenced within the time limited therefor in this chapter, . . . the action otherwise avoided or defeated . . . for any matter of form . . . a new action may be commenced, for the same cause of action, at any time within one year after the abatement or other determination of the original action . . . ." Therefore, assuming that the final judgment in Texas based on f.n.c. amounts to an "action otherwise avoided or defeated . . . for any matter of form," Plaintiffs would have had one year from October 27, 1995, to have filed their suit herein, or until October 27, 1996. Plaintiffs filed suit almost sixteen years too late.

Chaverri also found that the denial of the motion for class certification as moot restarted the prescriptive period. While the court addressed the Louisiana class certification tolling statute (of which there is no counterpart in Delaware), it also addressed three federal cases not dealing with Louisiana to determine that the denial of class certification as moot restarted the prescription period.

16

The Chaverri court found that the reason for the tolling provided by *American Pipe* and *Crown, Cork* was that the class action would put potential defendants on notice.  As *Chaverri* pointed out, *American Pipe* therefore said that "'the commencement of the class action . . . suspend[s] the running of the limitation period *only during the pendency of the motion* to strip the suit of its class action character.'"  2012 WL 4097216 at *8, quoting *American Pipe*, 414 U.S. at 770 (interlineations and emphasis in *Chaverri*).  *Chaverri* also noted that *Crown, Cork*, 462 U.S. at 353-54, "determined that the statute of limitations remained tolled until class certification was denied."  2012 WL 4097216 at *9.

*Chaverri* also relied on *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374 (11th Cir. 1998)(en banc).  There the Court of Appeals held that "the tolling of the statute of limitations ceases when the district court enters an interlocutory order denying class certification."  *Id.* at 1378.  Tolling would not continue through a final judgment and appeal.  *Id.*  The court found that "reliance on the possibility of reversal upon an interlocutory appeal is unreasonable."  *Id.* at 1389.  As a result, it is only reasonable for putative class members to seek to protect their own rights by filing their own suits before the limitations period runs, after the tolling ceases.  *Id.* at 1390-91.

Chaverri applied this logic to the Plaintiffs and causes of action involved herein:

> While the denial of class certification may not have been on the merits, coupled with the dismissal of the action, it was nonetheless sufficient to alert putative class members that they could not reasonably expect their rights to be protected by the class action.  By denying the motion as moot and dismissing the case, every member of the putative class was put on notice that the motion for class action was no longer pending in the court and, therefore, that the court would not entertain the certification of the class.  Thus, each member of the class was alerted that they needed to act to preserve their rights.

2012 WL 4097216 at *9.  Even though alerted, Plaintiffs waited almost seventeen years to file suit herein.  Whether under the statute of limitations, or the savings clause, the filing was extremely late.  Even if one was to erroneously assume that the tolling continued through the end of the appeals process, the Supreme Court denied certiorari in the Texas case on April 16, 2001.  That was over eleven years before this suit was filed.  It would still be barred.

The Third Circuit has made a ruling similar to *Armstrong*.  In *Nelson v. County of Allegheny*, 60 F.3d 1010, 1011-13 (3d Cir. 1995), the Court held that the statute of limitations does not continue to toll pending an appeal of a district court's denial of class certification.  This Court has subsequently held that if a court enters a stay pursuant to Fed. R. Civ. P. 23(f) (which was enacted after *Delgado* was dismissed and the class certification requested therein was denied), the tolling may be continued pending an appeal.  *Monahan v.City of Wilmington*, Cause No. Civ.A 00-505 JJF, 2004 WL 758342, *2 (D. Del. Jan. 30, 2004).  This ruling implies that if such a stay is not granted, as in *Delgado*, then the tolling stops upon the denial of certification.  Therefore, the tolling of the statute of limitations stopped when the class certification was denied in *Delgado*, and this case is therefore barred by the statute of limitations.

Chaverri also noted that Plaintiffs claimed that the Supreme Court's opinion in *Dole Food Co. v. Patrickson*, 538 U.S. 468 (2003), which resulted in the remand of the Texas case to the state court, continued the tolling of the statute of limitations.  However, as pointed out in *Chaverri*, *Patrickson* denied writ over two years after the Supreme Court denied certiorari in the Texas case.[6]  Therefore, even if the Delaware statute of limitations did not begin to run until certiorari in the Texas case was denied, it had run out before *Patrickson* was decided.  Therefore,

---

[6] As stated above, certiorari in the Texas case was denied on April 16, 2001.  *Patrickson* was decided on April 22, 2003, two years and six days later.

18

there was nothing to continue tolling at that point.  Once a statute of limitations has run, it cannot be resurrected.  See, e.g. *Dambro v. Meyer,* 974 A.2d 121, 139 (Del. 2009) (quoting *Ewing v. Black,* 520 A.2d 653, 660 (Del. 1987)(stating Delaware Courts cannot "rewrite clear statutes of limitation to provide exceptions.")

The flaw in Plaintiffs argument is shown by the timing of the *Patrickson* case.  Would Plaintiffs insist on continued tolling if that case had not arisen, and had not been decided, until five years later than it was?  What about 20 years later?  If so, that would mean that the statute of limitations could never really run because there might always be some case in the future that would reverse the reasoning in the first case, resulting in a resurrection of the statute of limitations.  That cannot be the rule of law.

Therefore, even if *Chaverri* is not binding as res judicata or as issue preclusion on this Court, its reasoning remains compelling as no facts or legal arguments have changed.  The Delaware statute of limitations has run on Plaintiffs well before they filed suit herein.

## VI.    CONCLUSION

Because Plaintiffs' claims are barred by both res judicata and the Delaware statute of limitations, the court should dismiss the Complaint on each of those grounds pursuant to Rule 12(b)(6).

**BLANK ROME LLP**

By:    */s/ Steven L. Caponi*
       Steven L. Caponi, Esquire (DE ID #3484)
       1201 North Market Street, Suite 800
       Wilmington, DE  19801
       (302) 425-6408
       *Defendants, Chiquita Brands International,*
       *Inc., Chiquita Brands, L.L.C. and Chiquita*
       *Fresh North America, L.L.C.*

19

OF COUNSEL:
Jack Reynolds, Esquire (to be admitted *pro hac vice*)
Samuel E. Stubbs, Esquire (to be admitted *pro hac vice*)
Laura E. Schut, Esquire (to be admitted *pro hac vice*)
Pillsbury Winthrop Shaw Pittman LLP
Two Houston Center
909 Fannin, Suite 2000
Houston, TX 77010-1018
Tel:  713.276.7600
jack.reynolds@pillsburylaw.com
sam.stubbs@pillsburylaw.com
laura.schut@pillsburylaw.com

Dated:  October 26, 2012