**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TOBIAS BERMUDEZ CHAVEZ, et al., | * | |
| Plaintiffs, | * | |
| | * | |
| V. | * | CIVIL ACTION NO. 12-697-RGA |
| | * | |
| DOLE FOOD COMPANY, INC., et al., | * | |
| Defendants | * | |

| | | |
|---|---|---|
| JULIO ABREGO ABREGO, et al., | * | |
| Plaintiffs, | * | |
| | * | |
| V. | * | CIVIL ACTION NO. 12-698-RGA |
| | * | |
| DOLE FOOD COMPANY, INC., et al., | * | |
| Defendants | * | |

| | | |
|---|---|---|
| ALVARADO ALFARO MIGUEL FRANCISCO, et al., | * | |
| Plaintiffs, | * | |
| | * | |
| V. | * | CIVIL ACTION NO. 12-699-RGA |
| | * | |
| DOLE FOOD COMPANY, INC., et al., | * | |
| Defendants | * | |

| | | |
|---|---|---|
| JORGE LUIS AGULAR MORA, et al., | * | |
| Plaintiffs, | * | |
| | * | |
| V. | * | CIVIL ACTION NO. 12-700-RGA |
| | * | |
| DOLE FOOD COMPANY, INC., et al., | * | |
| Defendants | * | |

| | | |
|---|---|---|
| EDWIN AGUERO JIMENEZ, et al., | * | |
| Plaintiffs, | * | |
| | * | |
| V. | * | CIVIL ACTION NO. 12-701-RGA |
| | * | |
| DOLE FOOD COMPANY, INC., et al., | * | |
| Defendants | * | |

| | | |
|---|---|---|
| GONZALEZ ARAYA FRANKLIN, et al., | * | |
| Plaintiffs, | * | |
| | * | |
| V. | * | CIVIL ACTION NO. 12-702-RGA |
| | * | |
| DOLE FOOD COMPANY, INC., et al., | * | |
| Defendants | * | |

**DEFENDANT CHIQUITA BRANDS INTERNATIONAL, INC.'S REPLY TO PLAINTIFFS' ANSWERING BRIEF (DOC. 57) IN OPPOSITION TO CHIQUITA BRANDS INTERNATIONAL, INC.'S RULE 12(b)(2) MOTION TO DISMISS (DOC. 37)**

**BLANK ROME LLP**
Steven L. Caponi, Esquire (DE ID #3484)
1201 North Market Street, Suite 800
Wilmington, DE  19801
(302) 425-6408
*Defendants, Chiquita Brands International, Inc. Chiquita Brands, L.L.C. and Chiquita Fresh North America, L.L.C.*

OF COUNSEL:
Jack Reynolds, Esquire
Samuel E. Stubbs, Esquire
Laura E. Schut, Esquire
Pillsbury Winthrop Shaw Pittman LLP
Two Houston Center
909 Fannin, Suite 2000
Houston, TX 77010-1018
Tel:  713.276.7600
jack.reynolds@pillsburylaw.com
sam.stubbs@pillsburylaw.com
laura.schut@pillsburylaw.com

January 22, 2013

113780.00605/40205053v.1

**TABLE OF CONTENTS**

Page

I.   OBJECTIONS TO PLAINTIFFS' EXHIBITS ................................................................. 4

II.   SPECIFIC JURISDICTION ........................................................................................... 4

III.   GENERAL JURISDICTION .......................................................................................... 5

IV.   JURISDICTIONAL DISCOVERY ............................................................................. 10

V.   CONCLUSION ............................................................................................................. 11

113780.00605/40205053v.1

# **TABLE OF AUTHORITIES**

<u>Cases</u>

*Belden Technologies, Inc. v. LS Corp.*,
    626 F. Supp. 2d 448 (D. Del. 2009) ................................................................................ 3

*BP Chem. Ltd. v. Formosa Chem. & Fibre Corp.*,
    229 F.3d 254 (3d Cir. 2000) ............................................................................................ 4

*C.R. Bard Inc. v. Guidant Corp.*,
    997 F. Supp. 556 (D. Del. 1998) ................................................................................. 3, 5

*E.I. DuPont De Nemours and Co. v. Heraeus Holding Gmbh*,
    Cause No. 11-773-SLR-CJB, 2012 WL 4511258 (D. Del. Sept. 28, 2012) ................ 1, 7

*Eastman Chemical Co. v. Alphapet Inc.*,
    Cause No. 09-971-LPS-CJB, 2011 WL 6004079 (D. Del. Nov. 4, 2011) ...................... 2

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    ___ U.S. ___, 131 S. Ct. 2846 (2011) ............................................................................ 2

*Helicopteros Nacionales de Columbia, S.A. v. Hall*,
    466 U.S. 408 (1984) ........................................................................................................ 2

*Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*,
    107 F.3d 1026 (3d Cir. 1997) ......................................................................................... 7

*O'Connor v. Sandy Lane Hotel Co., Ltd.*,
    496 F.3d 312 (3d Cir. 2007) ........................................................................................... 1

*Reach & Assoc., P.C. v. Dencer*,
    269 F. Supp. 2d 497 (D. Del. 2003) ............................................................................ 2, 5

*Serverside Group Ltd. v. CPI Card Goup – Minn., Inc.*,
    Cause No. 11-559-RGA, 2012 WL 528143 (D. Del. Feb. 17, 2012) ............................. 2

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) ........................................................................................................ 3

## Statutes and Codes

Delaware Code Annotated Title 10
   Section 3104(c)(4) .......................................................................................................... 1, 2
   Section 3104(c)1-3 ............................................................................................................. 1

## Rules and Regulations

Federal Rules of Civil Procedure
   Rule 12(b)(2) ..................................................................................................................... 8

Federal Rules of Evidence
   Rule 802 ............................................................................................................................ 1

113780.00605/40205053v.1

Defendant Chiquita Brands International, Inc. ("CBII") hereby replies to Plaintiffs' Response to CBII's Motion to dismiss for lack of personal jurisdiction.

## I. OBJECTIONS TO PLAINTIFFS' EXHIBITS

Plaintiffs attached seven exhibits to their Response. Exhibit A thereto is a copy of a newspaper article. CBII objects to the Court considering Exhibit A under Fed. R. Evid. 802, because the newspaper article is hearsay and no exception to the hearsay rule has been shown. Exhibit C to Plaintiffs' Response is a copy of a press release from the Port of Wilmington. CBII objects to the Court considering Exhibit C under Fed. R. Evid. 802, because a press release by a non-party is also hearsay, and no exception to the hearsay rule has been shown.

## II. SPECIFIC JURISDICTION

It appears that Plaintiffs have abandoned any effort to assert specific jurisdiction over CBII in this matter. Their Response only argues for general jurisdiction, asserting that CBII has a general presence in Delaware. Plaintiffs do not set forth any facts or argument to tie any contacts that CBII may have with Delaware to any cause of action that they have asserted. Without a cause of action "aris[ing] out of or relat[ing] to at least one of [the defendant's activities directed at the forum]" the Court cannot find specific jurisdiction. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007).

In their Response, Plaintiffs cite to Del. Code Ann. tit. 10, § 3104(c)(4), but do not mention § 3104(c)1-3. Courts have unanimously held that § 3104(c)1-3 applies to specific jurisdiction while § 3104(c)(4) only applies to general jurisdiction. *E.I. DuPont De Nemours and Co. v. Heraeus Holding Gmbh*, Cause No. 11-773-SLR-CJB, 2012 WL 4511258, *16 and *18 (D. Del. Sept. 28, 2012); *Reach & Assoc., P.C. v. Dencer*, 269 F. Supp. 2d 497, 505 (D. Del.

4

2003). Therefore, it appears that Plaintiffs are relying only on general jurisdiction, and have acknowledged that this Court cannot find specific jurisdiction over CBII in this matter.

**III. GENERAL JURISDICTION**

It is amazing that Plaintiffs have totally ignored the United States Supreme Court's most recent directive on general jurisdiction, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, ___ U.S. ___, 131 S. Ct. 2846 (2011). They do not cite to that case even once. Instead, they rely on cases that themselves do not cite to *Goodyear*. In fact, only two of the cases that they cite to were decided after *Goodyear* (*DuPont* and *Serverside Group Ltd. v. CPI Card Goup – Minn., Inc.*, Cause No. 11-559-RGA, 2012 WL 528143 (D. Del. Feb. 17, 2012)), and neither of them even mention *Goodyear*. About a year and a half after the Supreme Court "clarified that general jurisdiction over foreign corporations is proper **if and only if** 'their affiliations with the State are so "continuous and systematic" as to render them *essentially at home in the forum State*," *Eastman Chemical Co. v. Alphapet Inc.*, Cause No. 09-971-LPS-CJB, 2011 WL 6004079, *14 n.16 (D. Del. Nov. 4, 2011)(italics added by the district court; bold added), Plaintiffs choose to ignore this guidance by the nation's highest court.

Instead, Plaintiffs rely on the Delaware long-arm statute and allegations of facts, which even if taken as true, merely show that CBII does business in Delaware, not that it is "at home" in Delaware.

Even if the wording of Del. Code Ann. tit. 10, § 3104(c)(4) might provide for personal jurisdiction, "[t]he Due Process Clause of the Fourteenth Amendment operates to limit the power of a State to assert in personam jurisdiction over a nonresident defendant." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1984). Regardless of what the statute says, and regardless of how Plaintiffs try to spin it, while the Delaware statute can, and

5

does, confer jurisdiction to the maximum extent possible under the Due Process Clause, *Belden Technologies, Inc. v. LS Corp.*, 626 F. Supp. 2d 448, 455 n.3 (D. Del. 2009), the statute cannot exceed it. The maximum extent possible under the Due Process Clause has been defined by the Supreme Court, in the area of general jurisdiction, as being where the defendant can be found to be at home. Nothing presented by Plaintiffs in their Response indicates that CBII is at home in Delaware.

"Under the Due Process Clause of the United States Constitution, a defendant is subject to the jurisdiction of a federal court only when the defendant's conduct is such that it should be 'reasonably anticipate being hauled into court there.'" *DuPont* at *12 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). A national or multi-national corporation can reasonably anticipate being haled into court in any state where there is some sort of purposeful availment and the cause of action arises from or relates to that availment, or in the state where the company is at home. However, the mere doing of business in a state does not make the corporation at home in that state.

"Once a party challenges the exercise of jurisdiction by filing a motion to dismiss, the nonmoving party bears the burden of establishing that the court properly may exercise jurisdiction over the moving party." *C.R. Bard Inc. v. Guidant Corp.*, 997 F. Supp. 556, 559 (D. Del. 1998). Plaintiffs have not met this burden.

Plaintiffs' alleged facts, and argument thereon, show nothing more, if accepted as true, than CBII doing some business in Delaware. The same facts could be applied to every state in the Union. For example, the bulleted items on pages 3 and 4 of Plaintiffs' Response (Doc. 49), say nothing about Delaware. They merely indicate that CBII is doing business generally in North America (and Europe). The website referred to at the bottom of page 4 surely does locate

6

places where people can buy Chiquita Bites near their zip code in Delaware, as it does for any legitimate zip code anywhere in the nation. To say that such evidence supports general jurisdiction in Delaware would be to say that CBII would be subject to general jurisdiction in each of the 50 states.

General jurisdiction allows the plaintiff to bring a suit on any ground whatsoever, whether or not the contacts that exist are related to the litigation. *BP Chem. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000). For a national or multi-national company being sued, under Plaintiffs' theory, derivative suits could be brought anywhere in the country. Any tort claim could be brought in any state, whether the tort, or its effects, had anything to do with that state or not. For CBII, no one suing such a company would need to worry about specific jurisdiction again, because general jurisdiction would exist everywhere.

This would not just affect CBII. Every national and multi-national company doing business in the United States would be subject to general jurisdiction everywhere. Almost all have interactive websites, most having a locator page similar to the one presented herein. Almost all, whether it is GM, McDonald's, IBM, Nike, Toys R Us, or the thousands of other such companies, do business in virtually, if not literally, every state. Plaintiffs' argument would essentially do away with the Supreme Court's Due Process analysis, whether general or specific, for all but local businesses.

Plaintiffs then assert an alter ego or agency theory, or both (it is not clear which), asserting that one of CBII's subsidiary's (Chiquita Brand L.L.C.'s) actions should be imputed to CBII. First, even if that were to be done, that would still not make CBII at home in Delaware. The mere fact that a subsidiary is incorporated in Delaware does not confer jurisdiction over the parent in Delaware.

If Plaintiffs are attempting to assert the alter ego theory, they fail. "In Delaware, to reach a parent corporation under the alter ego theory, the party asserting jurisdiction must establish some fraud, injustice, or inequity in the use of the corporate form." *Bard*, 997 F. Supp. at 559. In their Response, Plaintiffs make no accusation of fraud. In fact, in their Response to Chiquita's Rule 12(e) Motion (Doc. 59), Plaintiffs have asserted that they "do not assert causes of action for fraud and do not assert causes of action that are grounded in fraud . . . ." No do Plaintiffs in any way discuss, or assert facts that could possibly show, injustice or inequity in the use of the corporate form.

The agency theory simply cannot be used to show general jurisdiction. "When applying the agency theory, a court should focus its inquiry on the arrangement between the parent and the subsidiary, the authority given in that arrangement, and **the relevance of that arrangement to the plaintiff's claim**." *C.R. Bard*, 997 F. Supp. at 560 (emphasis added). "With regard to an examination of agency, the Court is also mindful that it must avoid the notion that a 'parent company can be held liable for the obligations of a subsidiary [under an agency theory] purely on the basis of dominion and control' and that there must also be a 'close connection between the relationship of the two corporations and the cause of action.'" In *Reach*, the court found support for any agency relationship, but because none of the behavior underlying the plaintiffs' claims occurred in Delaware, determined that it did not have personal jurisdiction over the parents:

> However, an agency relationship alone, is not sufficient to confer jurisdiction. . . . Rather, Plaintiffs must establish that the activities directed or controlled by [the subsidiaries] are the jurisdictional acts of [the parents]. *See, e.g., Cordis Corp. v. Advanced Cardiovascular Systems, Inc., et al.*, Civ. A. No. 97-635-SLR, 1999 WL 805284, at *5-6, 1999 U.S. Dist. Lexis 15527 at *17-18 (D. Del. September 17, 1999) (finding agency relationship but no jurisdictional acts and granting a motion to dismiss for lack of personal jurisdiction). Although the Plaintiffs have, as explained previously, for the purposes of this motion, demonstrated an absence of corporate formalities among the Defendants, Plaintiffs have failed to show that any of the actions alleged by the Complaint are

8

> jurisdictional acts, that is, none of the behavior underlying the Plaintiffs' claims occurred in Delaware. Therefore, the Court concludes agency principles do not confer personal jurisdiction over [the parents].

269 F. Supp. 2d at 507.

A close connection between the contacts and the cause of action is only needed for specific jurisdiction, not for general jurisdiction. Furthermore, Plaintiffs have not shown, indeed they cannot not show, any connection between the relationship of the two corporations regarding Delaware and the causes of action alleged in this case. Therefore, even if some evidence of an agency relationship is shown, it cannot establish general jurisdiction over CBII herein.

Even if the agency theory was to be considered, no agency relationship has been shown to exist. "The factors relevant to [the determination of agency] include the extent of overlap of officers and directors, methods of financing, the division of responsibility for day-to-day management, and the process by which each corporation obtains its business." *Id.* Plaintiffs have not even addressed the question of overlapping officers and directors. Even though Plaintiffs bear the burden of proof thereon, they have presented absolutely no evidence thereon. There is no attempt to show the division of responsibility for day-to-day management, nor the process by which each corporation obtains its business. Contrary to Plaintiffs' assertion, page 19 of Exhibit F to the Response does not indicate that Chiquita Brands L.L.C. ("CBL") obtains all of its business from CBII. Nothing is said about where CBL obtains its business from. Interestingly, it should be noted that when Exhibit F says "we" or "us" the reference is to CBII and all of its subsidiaries, to where the mere use of those terms do not indicate which entity is actually involved, or if all of them are. Again contrary to Plaintiffs assertion in their Response, nothing in Exhibit F indicates that CBII dominates the activities of any Delaware subsidiary or that any subsidiary acts on behalf of CBII as its agent.

9

There is an indication that there have been financing arrangements between CBII and CBL. However, this is not an unusual occurrence between a parent and subsidiary corporation and by itself cannot show agency.

The bottom line is that Plaintiffs have not shown any probative evidence to establish any of the factors to be considered in establishing an agency relationship.

## IV.   JURISDICTIONAL DISCOVERY

The Third Circuit has held that generally "jurisdictional discovery should be allowed unless the plaintiff's claim is 'clearly frivolous.'" *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997). In that case, the Third Circuit also held that "a mere unsupported allegation that the defendant 'transacts business' in an area is 'clearly frivolous.'" *Id.*

As this Court has stated: "[A] court should not permit discovery as a matter of course. Instead, before allowing jurisdictional discovery to proceed, '[t]he court must be satisfied that there is some indication that th[e] particular defendant is amenable to suit in this forum.' . . . In this regard, in order to obtain jurisdictional discovery, the plaintiff must 'make[] factual allegations [that] suggest the possible existence of requisite contacts between the defendant and the forum state with reasonable particularity.'" *E.I. DuPont De Nemours and Co. v. Heraeus Holding Gmbh*, Cause No. 11-773-SLR-CJB, 2012 WL 4511258, *11 (D. Del. Sept. 28, 2012)(changes in original; citations omitted). "[I]f a plaintiff does not come forward with '*some* competent evidence' that personal jurisdiction over the defendant might exist, a court should not permit jurisdictional discovery to proceed. . . . This is because when the lack of personal jurisdiction is clear, further discovery serves no purpose and thus should be denied." *Id.* (emphasis in original).

As shown above, plaintiffs have put forth nothing more than allegations that CBII does business in Delaware. They have produced no evidence that would be competent to show that CBII might be at home in Delaware. Therefore, further discovery on jurisdiction would serve no purpose and should be denied.

## V.  CONCLUSION

Because there is no basis for either general or specific personal jurisdiction over CBII in this matter, the court should dismiss the Complaint for want of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

**BLANK ROME LLP**

By:*/s/ Steven L. Caponi*
Steven L. Caponi, Esquire (DE ID #3484)
1201 North Market Street, Suite 800
Wilmington, DE  19801
(302) 425-6408
*Defendants, Chiquita Brands International, Inc., Chiquita Brands, L.L.C. and Chiquita Fresh North America, L.L.C.*

OF COUNSEL:
Jack Reynolds, Esquire
Samuel E. Stubbs, Esquire
Laura E. Schut, Esquire
Pillsbury Winthrop Shaw Pittman LLP
Two Houston Center
909 Fannin, Suite 2000
Houston, TX 77010-1018
Tel:  713.276.7600
jack.reynolds@pillsburylaw.com
sam.stubbs@pillsburylaw.com
laura.schut@pillsburylaw.com

January 22, 2013