IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOBIAS BERMUDEZ CHAVEZ, et al.,<br>　　　Plaintiffs,<br><br>v.<br><br>DOLE FOOD COMPANY, INC., et al.,<br>　　　Defendants. | Civil Action No. 12-697-RGA |
| JULIO ABREGO ABREGO, et al.,<br>　　　Plaintiffs,<br><br>v.<br><br>DOLE FOOD COMPANY, INC., et al.,<br>　　　Defendants. | Civil Action No. 12-698-RGA |
| ALVARADO ALFARO MIGUEL<br>FRANCISCO, et al.,<br>　　　Plaintiffs,<br><br>v.<br><br>DOLE FOOD COMPANY, INC., et al.,<br>　　　Defendants. | Civil Action No. 12-699-RGA |
| JORGE LUIS AGUILAR MORA, et al.,<br>　　　Plaintiffs,<br><br>v.<br><br>DOLE FOOD COMPANY, INC., et al.,<br>　　　Defendants. | Civil Action No. 12-700-RGA |

| | |
|---|---|
| EDWIN AGUERO JIMINEZ, et al., <br>     Plaintiffs, <br><br> v. <br><br> DOLE FOOD COMPANY, INC., et al., <br>     Defendants. | : <br> : <br> : <br> :    Civil Action No. 12-701-RGA <br> : <br> : <br> : |
| GONZALEZ ARAYA FRANKLIN, et al., <br>     Plaintiffs, <br><br> v. <br><br> DOLE FOOD COMPANY, INC., et al., <br>     Defendants. | : <br> : <br> : <br> :    Civil Action No. 12-702-RGA <br> : <br> : <br> : |

## MEMORANDUM OPINION

May 30, 2013

ANDREWS, U.S. DISTRICT JUDGE:

In these consolidated cases, Plaintiffs brought causes of action against numerous defendants for injuries stemming from alleged misuse of dibromochloropropane ("DBCP") on banana plantations in Panama, Ecuador, Guatemala and/or Costa Rica. Plaintiffs filed their claims against the same Defendants in the Eastern District of Louisiana.[1] Based on the first-filed rule, the Court dismissed the cases against five defendants in August, 2012. (D.I. 22, 23).[2] In September, 2012, the Eastern District of Louisiana granted Defendants' motions for summary judgment based on the statute of limitations, and dismissed Plaintiffs' claims there with prejudice. *Chaverri v. Dole Food Co., Inc.*, 896 F.Supp.2d 556 (E.D. La. 2012). Plaintiffs appealed, and that appeal remains pending. (D.I. 56 at 3). Meanwhile, all remaining Defendants except Chiquita Brands International, Inc. ("Chiquita") moved to dismiss based on the first-filed rule, which the Court granted in March, 2013. (D.I. 71).

A similar DBCP case with different parties has also been pending in the Delaware state courts. In August, 2012, the Delaware Superior Court denied defendants' motion to dismiss based on the statute of limitations, ruling, in part, that the statute of limitations was tolled even though the original filing was in another jurisdiction, based on litigation originating in a Texas state court previously filed by one of the Delaware state court plaintiffs. *See Blanco v. AMVAC Chem. Corp.*, 2012 WL 3194412 (Del. Super. Aug. 8, 2012). The Superior Court then certified for interlocutory appeal to the Delaware Supreme Court the issue of whether Delaware

---

[1] I omit years of procedural history that are irrelevant to the matters now at issue.

[2] The citations are to the record in Civil Action No. 12-697. The record in each of Nos. 12-698/699/700/701/702 is substantially the same.

3

recognizes cross-jurisdictional tolling. (D.I. 36 at Ex. C).

Plaintiffs moved to stay this case pending the Delaware Supreme Court's ruling on the cross-jurisdictional tolling issue, and for reconsideration of dismissal based on the first-filed rule. The remaining defendant, Chiquita, moved for dismissal based on lack of personal jurisdiction, res judicata and the statute of limitations, and moved for a more definite statement or to dismiss for failure to state a claim. Plaintiffs' motions to stay and for reconsideration are denied; Chiquita's motion to dismiss for lack of personal jurisdiction is granted; and Chiquita's remaining motions to dismiss are dismissed as moot.

*1. Plaintiffs' Motion to Stay*

Before the Court is Plaintiffs' Motion to Stay Pending Delaware Supreme Court Ruling on Cross-Jurisdictional Tolling (D.I. 36) and related briefing (D.I. 46, 47, 48, 49, 50, 51). The reasons advanced for granting a stay are to allow the Delaware Supreme Court to rule on the cross-jurisdictional tolling issue and to avoid piecemeal appeals. If this Court were going to decide the cross-jurisdictional tolling issue, the Plaintiff's argument might have merit. The Court, however, need not decide that issue. Further, the Court has denied the request for Rule 54(b) certification submitted by some Defendants. I do not intend to allow piecemeal appeals. Therefore, there is no reason to grant a stay. Plaintiffs' Motion to Stay is denied.

*2. Plaintiffs' Cross-Motion for Reconsideration*

Also before the Court is Plaintiffs' Cross-Motion[3] for Reconsideration of this Court's

---

[3] Plaintiffs brought this motion in responding to some Defendants' motion for entry of final judgment under Rule 54(b). (D.I. 54). The Court docket reflects that the Court denied the motion as moot on March 29, 2013. The Court notes that the motion was not actually moot at the time, and that the Court had meant to deny it based on the lack of any need for an immediate appeal and the policy against piecemeal appeals.

4

Dismissal Order of August 21, 2012 (D.I. 56) and related briefing (D.I. 63, 64, 67). Plaintiffs have not shown any intervening change in the controlling law, any new evidence, or any need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). As the Court explained in granting the second motion to dismiss based on the first-filed rule, the litigation in the Eastern District of Louisiana remains pending so long as the appellate process continues. (D.I. 71). One of the goals of the first-filed rule is to avoid separate appeals based on conflicting rulings. *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941). Plaintiffs appealed, continuing to avail themselves of the entirely fair process in the venue they chose, and one bite at the apple remains sufficient. (D.I. 56 at 3; D.I. 22). Further, Plaintiffs' Cross-Motion is based on a September 17, 2012 ruling in the Eastern District of Louisiana, but was not filed until December 17, 2012. Plaintiffs' Cross-Motion is therefore also untimely. Plaintiffs' Cross-Motion is denied.

   *3. Defendant Chiquita's Motion for Dismissal of Claims Pursuant to Rule 12(b)(2)*

Also before the Court is Defendant Chiquita Brands International, Inc.'s Motion for Dismissal of Claims pursuant to Rule 12(b)(2) (D.I. 37) and related briefing (D.I. 38, 57, 58, 68). In opposing the Motion, Plaintiffs argue this Court has general jurisdiction over Chiquita, implicitly conceding there is no specific jurisdiction over Chiquita; in the alternative, Plaintiffs request jurisdictional discovery or transfer of their case against Chiquita to New Jersey.

   When reviewing a motion to dismiss pursuant to Rule 12(b)(2), a court must accept as true all allegations of jurisdictional fact made by the plaintiff and resolve all factual disputes in the plaintiff's favor. *Traynor v. Liu*, 495 F.Supp.2d 444, 448 (D.Del. 2007). Once a jurisdictional

defense has been raised, the plaintiff bears the burden of establishing, with reasonable particularity, that sufficient minimum contacts have occurred between the defendant and the forum to support jurisdiction. *See Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). To meet this burden, the plaintiff must produce "sworn affidavits or other competent evidence," since a Rule 12(b)(2) motion "requires resolution of factual issues outside the pleadings." *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n. 9 (3d Cir. 1984).

Determining the existence of personal jurisdiction requires a two-part analysis. First, the Court must consider whether a defendant's actions come within any of the provisions of Delaware's long-arm statute. *See Intel v. Broadcom*, 167 F.Supp.2d 692, 700 (D.Del. 2001). Next, the Court must determine whether exercising jurisdiction over the defendant in this state comports with the Due Process Clause of the Constitution. *See id.* Due Process is satisfied if the Court finds the existence of "minimum contacts" between the non-resident defendant and the forum state, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

With respect to the first-step statutory inquiry, the Court applies the law of the state in which the district court is located. *See Intel*, 167 F.Supp.2d at 700. Delaware's long-arm statute authorizes jurisdiction over a non-resident when that party or its agent:

> Causes tortious injury in [Delaware] or outside of [Delaware] by an act or omission outside [of Delaware] if the person regularly does or solicits business, engages in any other persistent course of conduct in [Delaware] or derives substantial revenue from services, or things used or consumed in [Delaware.]

6

10 Del. C. § 3104(c)(4). This section confers general jurisdiction, such that while a general presence in Delaware is necessary to assert jurisdiction, the contacts of the non-resident (or its agent) need not relate to the instant litigation. *See Reach & Assocs., P.C. v. Dencer*, 269 F.Supp.2d 497, 505 (D.Del. 2003). "While seemingly broad, the standard for general jurisdiction is high in practice and not often met." *Id.* (citation omitted).

For the second-step Due Process analysis, the Court applies federal law. The U.S. Supreme Court recently clarified that general jurisdiction over foreign[4] corporations is proper if and only if "their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Ops. v. Brown*, —— U.S. ——, ——, 131 S.Ct. 2846, 2851 (2011) (*citing Int'l Shoe*, 326 U.S. at 317). The *Goodyear* Court reaffirmed that the quintessential paradigm for general jurisdiction arises from the principal place of business for the corporation, *id.* at 2856, although it would also include the state of incorporation. *Id.* at 2854.

In the Complaint, Plaintiffs alleged that Chiquita, a New Jersey corporation with its principal place of business in Ohio, "was authorized to do and was doing business within the jurisdiction of this Honorable Court." (D.I. 1, ¶ 96). In opposing the Motion, Plaintiffs further assert general jurisdiction based on Chiquita being "generally present with continuous and systematic activity in Delaware," based on the following: a newspaper article and a Port of Wilmington press release describing Chiquita's weekly sailings into the Port of Wilmington and Chiquita's maintenance of a facility there; Chiquita's 2011 Form 10-K describing its general activities importing bananas and other produce from Central America to the United States,

---

[4] "Foreign" in this context means non-Delaware. *Goodyear*, 131 S.Ct. at 2851.

without any specific mention of Delaware; the store locator on Chiquita's website pointing consumers to Delaware retail locations for Chiquita Bites; and the fact that Chiquita's main operating subsidiary, Chiquita Brands LLC, is a Delaware corporation. (D.I. 57 at 2-5). Chiquita's principal place of business moved to North Carolina in 2012. (D.I. 1, ¶ 96; D.I. 38 at 3 n.2; *id.* Ex. A).

Chiquita does not dispute that it does business in Delaware, nor does it appear to dispute that those activities meet the requirements of the Delaware long-arm statute, and therefore satisfy the statutory step of the general jurisdiction analysis.[5] (D.I. 68 at 6-10). Chiquita disputes that it is "at home" in Delaware under *Goodyear* and asserts there can be no general jurisdiction under the Due Process Clause. Chiquita argues, "The same facts could be applied to every state in the Union." (D.I. 68 at 6).

Plaintiffs' jurisdictional allegations for Chiquita, taken as true, do not show that Chiquita is "at home" in Delaware under *Goodyear*. Even viewing the facts in the light most favorable to Plaintiffs, it cannot be inferred that Chiquita's ownership of a facility in Delaware, movement of its products through Delaware, and sale of its products in Delaware make Chiquita "at home" in

---

[5] Because Chiquita does not dispute that its Delaware activities satisfy Delaware's long-arm statute, the Court need not reach Plaintiffs' argument that Chiquita's Delaware subsidiary, Chiquita Brands LLC, is an "agent" for Chiquita and therefore confers general jurisdiction over Chiquita, the parent company, under the Delaware long-arm statute. (D.I. 60 at 5-6). A defendant company may be subject to personal jurisdiction under Delaware's long-arm statute by virtue of the court's personal jurisdiction over the defendant company's affiliate, under agency theory. *See Intellectual Ventures I LLC v. Nikon Corp.*, 2013 WL 1298599, *4-5 (D. Del. 2013); *C.R. Bard, Inc. v. Guidant Corp.*, 997 F.Supp. 556, 560-61 (D.Del. 1998). Plaintiffs do not assert that this purported agency relationship confers jurisdiction in accordance with the Due Process Clause, which is the only prong of jurisdiction Chiquita disputes.

Delaware.[6] Chiquita is a nationwide company and its products (and facilities through which they are moved) are ubiquitous across the country. *See* D.I. 57 at 3-4 (quoting Chiquita's 2011 Form 10-K). The Supreme Court seemed to reject the idea that national or international corporations are subject to general jurisdiction throughout the United States. *Goodyear*, 131 S.Ct. at 1255-56. Maintaining a website providing the entire nation with information about the company and its products does not confer general jurisdiction. *C.R. Bard, Inc. v. Guidant Corp.*, 997 F.Supp. 556, 561 (D. Del. 1998). Plaintiffs have not alleged nor shown that Chiquita is any more active in Delaware than it is in any other state in which it moves and sells its products. Chiquita's activity in Delaware does not come close to rising to the level of the principal place of business, that "quintessential paradigm" for general jurisdiction. *See Goodyear*, 131 S.Ct. at 2856. Indeed, while Chiquita's contacts with Delaware are regular, and may be economically substantial, they are not of the "at home" variety. There are no allegations that Chiquita has any Delaware employees, or does anything in Delaware other than maintain a facility and distribute bananas, albeit a lot of bananas. Plaintiffs have not factually alleged nor shown that this Court has general jurisdiction over Chiquita.

Plaintiffs request that if the Court concludes they have failed to meet their burden to establish personal jurisdiction over Chiquita, the Court allow Plaintiffs to take jurisdictional discovery regarding Chiquita's business relationship with its subsidiary rather than dismiss the claims. The Third Circuit has instructed that "[i]f the plaintiff presents factual allegations that

---

[6] Chiquita objects to the admissibility of the newspaper article and the press release, while Plaintiffs ask the Court to take judicial notice of the fact that Chiquita sails weekly into Wilmington. The Court need not reach the admissibility of these documents; it must accept Plaintiff's allegations of the weekly sailings and ownership of the facility as true. *See Traynor*, 495 F.Supp.2d at 448.

9

suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) (internal quotation marks and brackets omitted). "A plaintiff may not, however, undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery." *Id.*

Here, Plaintiffs do not make factual allegations suggesting Chiquita's affiliations with Delaware are so continuous and systematic as to render it essentially at home in Delaware. And Plaintiffs do not allege any fact to suggest the existence of any contact between Chiquita or Chiquita Brands, LLC with the State of Delaware (beyond the fact that the subsidiary is a Delaware entity, and Chiquita moves and sells its products in Delaware as well as the rest of the country). This is insufficient to justify jurisdictional discovery. *Grynberg v. Total Compagnie Francaise Des Petroles*, 2012 WL 4105089, *4 (D. Del. Sept. 18, 2012).

As a second alternative, Plaintiffs ask the Court to transfer the case against Chiquita - the sole remaining Defendant - to New Jersey, Chiquita's state of incorporation, under 28 U.S.C. § 1406(a). Chiquita does not address this request. If a case is filed in the wrong court, a court has discretion to "dismiss, or if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought ." 28 U.S.C. § 1406(a). A district where the case "could have been brought" requires that the transferee forum have proper venue and personal jurisdiction over the defendant. *FS Photo, Inc. v. PictureVision, Inc.*, 48 F.Supp.2d 442, 449 (D. Del. 1999). The moving party bears the burden to establish the appropriateness of transfer under Section 1406. *Marnavi SpA v. Keehan*, Civ. No. 08-00389-SLR-LPS, 2010 WL 1499583, at *2

(D.Del. Apr. 14, 2010).

Here, every other Defendant has had their claims dismissed based on the first-filed rule based on the litigation in the Eastern District of Louisiana. Chiquita is also a defendant in the Eastern District of Louisiana case and joined the motion for summary judgment granted by that Court. *Chaverri*, 896 F.Supp.2d at 558 & n.1. Thus, although New Jersey is therefore a district where this case, filed after the Eastern District of Louisiana case was filed, "could have been brought" from a venue and personal jurisdiction perspective, there is nothing else to recommend such a transfer. The policies behind the first-filed rule mean that transferring the case to New Jersey would not be in the interest of justice.[7] *See Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941). Plaintiffs do not submit any argument in support of their request to transfer (*see* D.I. 57), and therefore fail to meet their burden. Their request for a transfer is therefore denied. Chiquita's motion is granted, and Plaintiffs' claims against Chiquita are dismissed.

*4. Defendant Chiquita's Motion for Dismissal of Claims Pursuant to Rule 12(b)(6) Based on Res Judicata and Statute of Limitations, and Defendant Chiquita's Motion for a More Definite Statement or to Dismiss for Failure to State a Claim*

Finally, before the Court are two more motions to dismiss by Chiquita, asserting res judicata based on the Eastern District of Louisiana's statute of limitations ruling on summary judgment (D.I. 41), and for a more definite statement or for failure to state a claim based on Plaintiffs' fraud allegations (D.I. 39). Because the Court has granted Chiquita's motion to dismiss for lack of personal jurisdiction, these motions are dismissed as moot.

An appropriate order will be entered.

---

[7] Plaintiffs did not ask for transfer of the case to the Eastern District of Louisiana.

11