IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TOBIAS BERMUDEZ CHAVEZ, et al., <br> Plaintiffs, | : <br> : <br> : | |
| v. | : | Civil Action No. 12-697-RGA |
| DOLE FOOD COMPANY, INC., et al., <br> Defendants. | : <br> : <br> : | |
| JULIO ABREGO ABREGO, et al., <br> Plaintiffs, | : <br> : <br> : | |
| v. | : | Civil Action No. 12-698-RGA |
| DOLE FOOD COMPANY, INC., et al., <br> Defendants. | : <br> : <br> : | |
| ALVARADO ALFARO MIGUEL FRANCISCO, et al., <br> Plaintiffs, | : <br> : <br> : | |
| v. | : | Civil Action No. 12-699-RGA |
| DOLE FOOD COMPANY, INC., et al., <br> Defendants. | : <br> : <br> : | |
| JORGE LUIS AGUILAR MORA, et al., <br> Plaintiffs, | : <br> : <br> : | |
| v. | : | Civil Action No. 12-700-RGA |
| DOLE FOOD COMPANY, INC., et al., <br> Defendants. | : <br> : <br> : | |

1

| | |
|---|---|
| EDWIN AGUERO JIMINEZ, et al., <br>     Plaintiffs, | : <br> : <br> : |
| v. | :    Civil Action No. 12-701-RGA |
| DOLE FOOD COMPANY, INC., et al., <br>     Defendants. | : <br> : <br> : |

| | |
|---|---|
| GONZALEZ ARAYA FRANKLIN, et al., <br>     Plaintiffs, | : <br> : <br> : |
| v. | :    Civil Action No. 12-702-RGA |
| DOLE FOOD COMPANY, INC., et al., <br>     Defendants. | : <br> : <br> : |

## MEMORANDUM

In these consolidated cases, Plaintiffs brought causes of action against twelve defendants for injuries stemming from alleged misuse of dibromochloropropane ("DBCP") on banana plantations in Panama, Ecuador, Guatemala and/or Costa Rica. Plaintiffs filed their claims against the same Defendants in the Eastern District of Louisiana.[1] Based on the first-filed rule, the Court dismissed the cases against five defendants in August 21, 2012. (D.I. 22, 23).[2] On September 17, 2012, the Eastern District of Louisiana granted Defendants' motions for summary judgment based on the statute of limitations, and dismissed Plaintiffs' claims there with prejudice. *Chaverri v. Dole Food Co., Inc.*, 896 F.Supp.2d 556 (E.D. La. 2012). Plaintiffs appealed to the Fifth Circuit, and that appeal remains pending. (D.I. 56 at 3). Meanwhile, all

---

[1] I omit years of procedural history that are irrelevant to the matters now at issue.

[2] The citations are to the record in Civil Action No. 12-697. The record in each of Nos. 12-698/699/700/701/702 is substantially the same.

remaining Defendants except the three Chiquita defendants ("Chiquita") moved to dismiss based on the first-filed rule, which the Court granted on March 29, 2013. (D.I. 71). Thereafter, the Court granted a motion to dismiss against one of the Chiquita defendants (Chiquita Brands International, Inc.) for lack of personal jurisdiction, on May 30, 2013. (D.I. 73). Thus, two Chiquita defendants remain.

A similar DBCP case with different parties has also been pending in the Delaware state courts. In August, 2012, the Delaware Superior Court denied defendants' motion to dismiss based on the statute of limitations, ruling, in part, that the statute of limitations was tolled even though the original filing was in another jurisdiction, based on litigation originating in a Texas state court previously filed by one of the Delaware state court plaintiffs. *See Blanco v. AMVAC Chem. Corp.*, 2012 WL 3194412 (Del. Super. Aug. 8, 2012). The Superior Court then certified for interlocutory appeal to the Delaware Supreme Court the issue of whether Delaware recognizes cross jurisdictional tolling. (D.I. 36 at Ex. C). The Delaware Supreme Court affirmed that Delaware recognizes the concept of cross-jurisdictional tolling. *See Dow Chemical Corp. v. Blanco*, 67 A.3d 392, 399 (Del. 2013).

Before the Court is Defendants' Motion to Dismiss (D.I. 76) and related briefing (D.I. 78, 79, 80). Defendants' motion is based on the first filed rule, res judicata, and the statute of limitations. Plaintiffs respond that many plaintiffs have not filed actions in Louisiana, but in the cases under consideration (that is, Nos. 12-697 through 12-698), the plaintiffs in Lousiana are identical to the plaintiffs in Delaware.[3] Plaintiffs also respond that *Dow v. Blanco* is dispositive

---

[3] There are similar actions in Nos. 12-695 and 12-696, but they are not implicated by the Defendants' Motion.

3

on the statute of limitations question. Because I decide this motion on the first-filed rule, I do not reach the other issues.

As the Court explained in granting the second motion to dismiss based on the first-filed rule, the litigation in the Eastern District of Louisiana remains pending so long as the appellate process continues. (D.I. 71). One of the goals of the first-filed rule is to avoid separate appeals based on conflicting rulings. *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941). Plaintiffs appealed, continuing to avail themselves of the entirely fair process in the venue they chose, and one bite at the apple remains sufficient. (D.I. 56 at 3; D.I. 22).

Here, every other Defendant has had their claims dismissed based on the first-filed rule based on the litigation in the Eastern District of Louisiana. Chiquita is also a defendant in the Eastern District of Louisiana case and joined the motion for summary judgment granted by that Court. *Chaverri*, 896 F.Supp.2d at 558 & n.1. Therefore, the first filed rule applies equally to the identical claims brought against Chiquita in this litigation.

An appropriate order will be entered.

September 19, 2013

/s/ Richard G. Andrews
United States District Judge