IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TOBIAS BERMUDES CHAVEZ, ET AL., | : | |
| Plaintiffs, | : | |
| v. | : | C. A. No. 12-697-RGA-MPT |
| | : | (CONSOLIDATED) |
| DOLE FOOD COMPANY, INC., ET AL., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

I. INTRODUCTION

A. Background

Plaintiffs in this consolidated matter are foreign agricultural workers from Central and South America, who allege American companies misused toxic pesticides on farms where Plaintiffs worked in the 1960s-80s, causing them injury.[1] The underlying litigation began in Texas state and district courts in 1993 and 1995, respectively.[2] Following a dismissal based on *forum non conveniens*[3] and a much later denial of class certification,[4] the case was filed in the Eastern District of Louisiana[5] and the District of

---

[1] *Chavez v. Dole Food Co.*, 836 F.3d 205, 209 (3d Cir. 2016) (en banc).
[2] *Id.* at 211, 212 (citing *Delgado v. Shell Oil Co.*, 890 F. Supp. 1324 (S.D. Tex. 1995)).
[3] *Delgado*, 890 F. Supp. at 1373.
[4] *See Carcamo v. Shell Oil Co.*, No. 93-C-2290 (Tex. Dist. Ct. Brazoria Cty. June 3, 2010). This denial of class certification followed the Texas District Court's initial dismissal of the case under the Foreign Sovereign Immunities Act, *forum non conveniens*, and subsequent attempts by plaintiffs to bring the action in their home countries. Pursuant to the return jurisdiction clause in the 1995 *Delgado* dismissal, the cases were eventually reinstated in Texas upon remand to state court (*see Delgado v. Shell Oil Co.*, 322 F. Supp. 2d 798, 816-17 (S.D. Tex. 2004)) (remanding to state court to decide reinstatement question). Following remand, there was a back-and-forth

Delaware[6] contemporaneously.[7] No court has yet reached the merits of Plaintiffs' claims.[8] The Third Circuit reversed and remanded this court's dismissal in 2016 based on the first filed rule.[9] Subsequently, all parties answered Plaintiffs' original complaint except defendant in the instant motion, Occidental Chemical Corporation ("Occidental").[10]

**B. Occidental's Motion to Dismiss**

Presently before the court is Occidental's motion to dismiss the complaint[11] pursuant to FED. R. CIV. P. 12(b)(2) for lack of personal jurisdiction, filed November 23,

---

between the Texas state and federal courts until the issue was ultimately precluded by the *Carcamo* decision in 2010.

[5] *See Chaverri v. Dole Food Co.*, 896 F. Supp. 2d 556, 559 (E.D. La. 2012) ("the instant litigation involves seven consolidated actions filed between May 31, 2011 and June 2, 2011, in the Eastern District of Louisiana.").

[6] *Chavez v. Dole Food Co.*, Civ. A. Nos. 12-697-RGA through 12-702-RGA, 2012 WL 3600307, at *1 (D. Del. Aug. 21, 2012).

[7] *Id.* ("The plaintiffs in these six related lawsuits filed six lawsuits in the Eastern District of Louisiana on June 1, 2011. One year later, on June 1, 2012, they filed these identical (in all material respects) lawsuits in this District.").

[8] The Louisiana District Court dismissed the case. *See Chaverri*, 896 F. Supp. 2d at 569. The case is currently in the pre-trial phase in this court on remand. *See* D.I. 142 (Transcript of scheduling conference held on Jan. 4, 2017).

[9] *See Chavez*, 836 F.3d at 234.

[10] *See* D.I. 92-97 (Dole Food Co., Dole Fresh Fruit Co., Standard Fruit Co., and Standard Fruit and S. S. Co. answers to complaint with jury demand); D.I. 98-103 (same for Dow Chem. Co.); D.I. 105-09 (same for Del Monte Fresh Produce N.A. Inc.); D.I. 112-17 (same for Chiquita Brands Int'l Inc., Chiquita Brands LLC, and Ciquita Fresh N. Amer. LLC); D.I. 118-23 (same for Shell Oil Co.); D.I. 128-33 (same for AMVAC Chem. Corp.). Although on remand the Third Circuit instructed this court to transfer Chiquita Brands International, Inc. ("CBII") to the District Court of New Jersey for lack of personal jurisdiction, by answering the complaint, the defendants noted above voluntarily submitted to this court's jurisdiction. *See* D.I. 113 ¶ 96 ("CBII admits that it is authorized to do business in Delaware, but denies that it is subject to the personal jurisdiction of this Court. However, in the interest of judicial efficiency, CBII waives its Rule 12(b)(2) motion herein and hereby submits to the personal jurisdiction of this Court.").

[11] D.I. 1 (Complaint filed June 1, 2012).

2

2016.[12] Plaintiffs filed their answering brief in opposition to the motion on December 21, 2016,[13] and Occidental filed a reply brief on January 4, 2017.[14] Plaintiffs then submitted an unopposed motion to file a sur-reply brief, which they filed on January 13, 2017.[15] Occidental filed its response to the sur-reply brief on January 31, 2017.[16] This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(b)(1), and D. DEL. LR 72.1.

## II. STANDARD OF REVIEW

### Personal Jurisdiction

If a defendant brings a jurisdictional challenge, the plaintiff bears the burden of establishing that there is personal jurisdiction.[17] If, as in this case, the court does not hold an evidentiary hearing, "the plaintiff[s] need[ ] only establish a prima facie case of personal jurisdiction" and "are entitled to have [their] allegations taken as true and all factual disputes drawn in their favor."[18] In its analysis, the court first applies the Delaware Long Arm Statute[19] to determine whether it authorizes jurisdiction since federal district courts "may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state."[20] In Delaware, the long-arm statute has been construed "broadly to confer jurisdiction to the maximum

---

[12] D.I. 110, 111 (Occidental's motion to dismiss and opening brief in support).
[13] D.I. 135.
[14] D.I. 139.
[15] D.I. 141.
[16] D.I. 147.
[17] *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001).
[18] *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).
[19] 10 Del. C. § 3104.
[20] *Provident Nt'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 436 (3d Cir. 1987).

3

extent possible under the Due Process Clause, so the focus of the inquiry traditionally rests on the [second] constitutional component."[21]

Secondly, the court determines whether jurisdiction will comport with due process, which requires the out-of-state defendant to have "minimum contacts" with the forum "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice."[22] A plaintiff can establish general jurisdiction for a non-resident defendant, if that defendant has contacts with the forum that "are so constant and pervasive 'as to render [it] essentially at home in the forum State.'"[23] On the other hand, to establish specific jurisdiction, a plaintiff must show the defendant "'purposefully directed' [its] activities at residents of the forum,"[24] and "the litigation results from alleged injuries that 'arise out of or relate to' those activites."[25]

## III. ANALYSIS

### A. Waiver

Plaintiffs contend that Occidental waived its right to bring a 12(b)(2) motion to

---

[21] *AstraZenca AB v. Mylan*, No. 14-696-GMS, 2014 WL 5778016 at *2 (D. Del. Nov. 5, 2014) (internal quotation marks omitted) (citations omitted). *But see Novartis Pharms. Corp. v. Zydus Noveltech Inc.*, No. 14-cv-1104-RGA, 2015 WL 4720578, at *2 n.4 (quoting *Commissaritat A L'Energie Atomique v. Chi Mei Optoelecs. Corp.*, 395 F.3d 1315, 1322 (Fed. Cir. 2005) ("Delaware law is also unclear as to whether or not the long arm statute is coextensive with the due process clause."). Like *AstraZenca* and *Novartis*, the parties here have not challenged the reach of Delaware's long-arm statute so this court will focus on the constitutional aspect.

[22] *Int'l Shoe Co. v. State of Wash., Office of Unemp't Comp. & Placement*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted) (internal citations omitted).

[23] *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

[24] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quoting *Keaton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)).

[25] *Id.* at 472-73 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).

4

dismiss and submitted to this court's jurisdiction "by seeking affirmative relief from this Court in its August 2012 motion to dismiss" on the first-filed rule.[26] Plaintiffs assert Occidental adopted res judicata arguments that defendant Dole made in its motion to dismiss and res judicata is an affirmative defense.[27] Plaintiffs also argue the motion is untimely.[28] Occidental counters that the Dole motion "expressly disclaimed any res judicata argument."[29]

Additionally, Occidental presents language from the Dole memorandum which addresses res judicata purely in the context of the possible preclusive effect in Delaware if the Louisiana federal court had granted any of Dole's then-pending motions.[30] This court finds that the Occidental and Dole motions did not advance res judicata arguments, but rather sought dismissal based on the first-filed rule.[31] Plaintiffs do not advance any position regarding waiver under the first-filed rule.[32]

Plaintiffs, however, argue that Occidental waived its right to challenge personal jurisdiction by joining other defendants' res judicata arguments on appeal to the Third Circuit.[33] Occidental responds with language from the *Chavez* opinion that states only

---

[26] D.I.135 at 1 (citing D.I. 24, dated Aug. 22, 2012).
[27] *Id.* at 2-3, 5. *See also Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 443 (3d Cir. 1999); *Wyrough & Loser Inc. v. Pelmor Labs., Inc.*, 376 F.2d 543, 547 (3d Cir. 1967); *Rycocline Prod., Inc. v. C & W Unltd.*, 109 F.3d 883, 886 (3d Cir. 1997); FED. R. CIV. P. 8(c) (res judicata listed as affirmative defense).
[28] D.I. 135 at 5.
[29] D.I. 139 at 3-4. *See also* D.I. 5 (Dole's memorandum in support of its motion to dismiss: "This Court, however, need not reach the res judicata issue as Plaintiffs' duplicative action is subject to dismissal now under the first-filed rule.").
[30] D.I. 139 at 4.
[31] *See* D.I. 5, 24.
[32] *See generally* D.I. 135, 141.
[33] D.I. 141 at 7-8 (citing *Chavez*, 836 F.3d at 224 n.102).

5

two defendants (Chiquita Brands, L.L.C. and Chiquita Fresh North America, L.L.C.) raised res judicata,[34] and Occidental "moved for dismissal based on the first filed rule."[35] Because Plaintiffs do not present any precedent for associational waiver and Occidental only raised the first-filed rule, this court finds that Occidental did not waive its right to bring a 12(b)(2) motion to dismiss.[36] Further, Occidental's present motion is not untimely.[37]

**B. Personal Jurisdiction**

Occidental posits this court lacks both general and specific personal jurisdiction over it.[38] Plaintiffs' answering brief and surreply do not raise any jurisdictional

---

[34] *Chavez*, 836 F.3d at 215.
[35] D.I. 147 at 3 (quoting *Chavez*, 836 F.3d at 214 n.27).
[36] *See Ciolli v. Iravani*, 625 F. Supp. 2d 276 (2009) ("However, it also follows that the mere filing of a motion does not necessarily constitute a waiver of the personal jurisdiction defense.") (citation omitted). Occidental's motion also does not fall within the purview of FED. R. CIV. P. 12(h), which states:
  (h) Waiving and Preserving Certain Defenses.
    (1) *When Some Are Waived.* A party waives any defense listed in Rule 12(b)(2)-(5) by:
      (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
      (B) failing to either:
        (i) make it by motion under this rule; or
        (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.
[37] *See Molnylcke Health Care AB v. Dumex Med. Surgical Prods. Ltd.*, 64 F. Supp. 2d 448, 449 n.1 (E.D. Pa. 1999) (defendant's motion to dismiss for lack of personal jurisdiction was not untimely although filed after responding to the complaint because the answer included this ground). In the instant matter, the Third Circuit issued its *en banc* ruling, overturing this court's dismissal in October 2016, over four years after the original complaint was filed. In light of these circumstances, the date on which Occidental filed its present 12(b)(2) motion to dismiss (as its response) does not constitute bad faith.
[38] D.I. 111 at 6.

arguments or include any additional, relevant facts outside the pleadings.[39] Based on the original complaint, this matter does not "arise out of or relate to" activities directed at the forum state of Delaware. Therefore, the court holds that it lacks specific jurisdiction over Occidental.[40]

Plaintiffs assert in their complaint that Occidental "is a New York corporation with its principal place of business in Texas, which, at all times pertinent herein, was authorized to do and was doing business within the jurisdiction of this Honorable Court."[41] Occidental argues since it is neither incorporated in Delaware nor has its principal place of business in Delaware, it is not subject to general jurisdiction.[42] Consistent with Third Circuit precedent in this matter, this court finds that a company "not incorporated [in Delaware], does not maintain an office [here], and does not supervise its business [here]" is not "at home" in the forum state.[43] Thus, Occidental is not subject to general jurisdiction in Delaware, and this court cannot exercise jurisdiction over it.

### C. Transfer of Venue

Plaintiffs' answering brief requests transfer should this court find it lacks personal

---

[39] *See* D.I. 111, 139, 147 *c.f.* D.I. 135, 141; *see also Chavez v. Dole Food Co., Inc.*, 947 F. Supp. 2d 438, 441 (D. Del. 2013) ("To meet this burden [of showing sufficient minimum contacts between defendant and forum state], the plaintiff must produce 'sworn affidavits or other competent evidence,' since a Rule 12(b)(2) motion 'requires resolution of factual issues outside the pleadings.'") (quoting *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984)).
[40] D.I. 1 ¶ 65.
[41] *Id.*
[42] D.I. 111 at 9.
[43] *Chavez*, 836 F.3d at 223.

jurisdiction over Occidental.[44]  Occidental responds that Plaintiffs fail to identify a specific court to which the action should be transferred and where the action could have been brought at the time of filing.[45]  Occidental also asserts there is no "compelling reason" for this court to "deviate from the standard remedy of dismissal."[46]

In their surreply, Plaintiffs request transfer of the action against Occidental to the New Jersey District Court because it has an office and a manufacturing facility there. They ask for jurisdictional discovery "[i]f there is any question in the Court's mind about the appropriateness of a transfer to the District of New Jersey."[47]  Occidental refutes the existence of an office in New Jersey and states its one jointly-owned facility in the state operates in products wholly unrelated to the underlying cause of action.[48]  However, Occidental does not challenge Plaintiffs' statement in their complaint that it is "a New York corporation with its principal place of business in Texas."[49]

The Third Circuit, in deciding the issue of personal jurisdiction of co-defendant CBII, determined that the "interest of justice require[d] transfer rather than dismissal."[50] Under 28 U.S.C. § 1631, a district court "shall, if it is in the interest of justice, transfer [the case] to any other such court in which the action or appeal could have been brought at the time it was filed."[51]  Even where neither party requests a transfer, a

---

[44] D.I. 135 at 8.
[45] D.I. 139 at 9 (citing *Nat'l Mining Ass'n v. Sec'y of Labor*, 763 F.3d 627, 635 (6th Cir. 2014)).
[46] *Id.* at 10.
[47] D.I. 141 at 9-10.
[48] D.I. 147 at 7.
[49] *Id.* (quoting D.I. 1 ¶ 65).
[50] *Chavez*, 836 F.3d at 224.
[51] 28 U.S.C. § 1631.

district court may *sua sponte* order transfer if it is in the interest of justice.[52] It follows that a court's ability to *sua sponte* transfer a matter to a jurisdiction that neither party requests falls squarely within the meaning of 28 U.S.C. § 1631, if that jurisdiction is easily identifiable.[53]

The presumption in favor of transfer found in the "interest of justice" language is based on the concern that "dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating."[54] In the instant matter, the Third Circuit found that Plaintiffs acted in good faith when they filed in this court,[55] and Occidental has not rebutted the presumption favoring transfer by showing that it would "unfairly benefit the proponent," "impose an unwarranted hardship on the objector," or "unduly burden the judicial system."[56]

The court finds this matter against Occidental should not be transferred to New Jersey because it would likely not be subject to personal jurisdiction in that jurisdiction given its limited contacts with the state. Nonethless, the parties briefed the issue of

---

[52] *See QVC, Inc. v. Your Vitamins, Inc.*, 753 F. Supp. 2d 428, 433 (D. Del. 2010) (citations omitted) (*sua sponte* transferring case to Pennsylvania as directed by forum selection clause); *Schrader v. U.S.*, 103 Fed. Cl. 92, 101 n.10 (2012) ("the transfer statute language 'persuasively indicates that transfer, rather than dismissal, is the option of choice'") (quoting *Britell v. United States*, 318 F.3d 70, 73 (1st Cir. 2003)).

[53] *QVC Inc.*, 753 F. Supp. 2d at 433; *but see Nat'l Mining Ass'n,* 763 F.3d at 635 (finding petitioners were trade associations that had too many locations for court to identify where case could have been brought originally and request under 28 U.S.C. § 1631 was denied when neither party identified proper district court for transfer).

[54] *Edwards v. Leach Int'l*, No. 15-321-LPS, 2015 WL 7295440, at *2 (D. Del. Nov. 18, 2015) (citations omitted).

[55] *See Chavez*, 836 F.3d at 213-14, 222. *See also Forest Labs. Inc. v. Cobalt Labs Inc.*, No. 08-21-GMS-LPS, 2009 WL 605745, at *13 (D. Del. Mar. 9, 2009) (explaining good faith in "interest of justice" analysis).

[56] *Edwards*, 2015 WL 7295440 at *2 (quoting *D'Jamoos v. Pilatus Aircraft Ltd.*, No. 07-1153, 2009 WL 3152188, at *3 (E.D. Pa. Oct. 1, 2009)).

transfer, and Occidental had sufficient opportunity to respond to Plaintiffs' request for transfer. Although Occidental only responded by addressing transfer in general and to New Jersey, it will not "impose an unwarranted hardship" on it for this matter to be transferred to Occidental's state of incorporation, New York. The state of incorporation is one of the two locations identified by *Daimler* as a "paradigm all-purpose forum[ ]."[57] Therefore, jurisdictional discovery is not warranted.[58]

Occidental never disputed Plaintiffs' representation that it is incorporated in New York. As the Third Circuit noted in *Chavez*, Plaintiffs are simply trying to "find one court, and only one court, willing to hear the merits of their case."[59] If dismissed, Plaintiffs would likely be unable to file against Occidental again in *any* jurisdiction due to the statute of limitations on personal injury cases, which would be "justice-defeating." In light of the particular circumstances of this winding litigation, it is in the interest of justice to transfer rather than dismiss Plaintiffs' action against Occidental.

## IV.  ORDER AND RECOMMENDED DISPOSITION

Consistent with the findings herein, it is recommended that defendant's motion to dismiss Plaintiffs' complaint for lack of personal jurisdiction under FED. R. CIV. P. 12(b)(2) (D.I.110) be granted in part and denied in part. It is further recommended that the matter against Occidental be transferred to the Southern District of New York.

---

[57] *Daimler AG v. Bauman*, 134 S. Ct. 746, 749 (2014) (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924 (2011)).

[58] *See Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) (finding a plaintiff must present factual allegations with 'reasonable particularity' of defendant's contacts with the forum to warrant discovery) (citations omitted).

[59] *Chavez,* 836 F.3d at 222.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), Fed. R. Civ. P. 72(b) and D. Del. LR 72.1, any objections to the Report and Recommendation shall be filed within fourteen (14) days limited to ten (10) pages after being served with the same. Any response is limited to ten (10) pages.

The parties are directed to the court's Standing Order in Non-Pro Se matters for Objections Filed under Fed. R. Civ. P. 72 dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Date: April 10, 2017

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge