# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOBIAS BERMUDEZ CHAVEZ, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 12-697-RGA |
| ) | |
| DOLE FOOD COMPANY, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

## I. Introduction

Presently before the court in this alleged mass toxic tort action is a motion for dismissal from the Ecuadorian portion of the action and for protection from party discovery filed by defendants Chiquita Brands International, Inc. ("Chiquita International"), Chiquita Brands, LLC ("Chiquita Brands"), and Chiquita Fresh North America, LLC ("Chiquita Fresh") (collectively, "Chiquita"). (D.I. 185) Chiquita brought this motion pursuant to the procedure incorporated in Paragraph 2(a) of the court's July 26, 2018, scheduling order. (D.I. 176) The action involves alleged exposure to toxic pesticides used on banana plantations in Ecuador, Panama, and Costa Rica. For purposes of case management, the scheduling order provides for three stages based on the location of the plantations with the Ecuadorian portion proceeding first. (D.I. 176 at ¶ 1) For the following reasons, I recommend DENYING defendants' motion without prejudice.[1]

---

[1] The briefing for the pending motion is as follows: Chiquita's opening brief in support of its motion to dismiss (D.I. 185), plaintiffs' answering brief (D.I. 197), and Chiquita's reply brief (D.I. 204).

## II. Background

### a. Facts

Plaintiffs are foreign nationals from Ecuador, Panama, and Costa Rica. (D.I. 1 at ¶ 3) Plaintiffs claim that, as workers on banana-growing plantations in Ecuador, Panama, and Costa Rica between the 1960s and the 1980s, they used the pesticide dibromochloropropane ("DBCP") in the soil and over the fields. (*Id.* at ¶ 5) *See also Chavez v. Dole Food Company, Inc.*, 836 F.3d 205, 211 (3d Cir. 2016). Workers allegedly wore no gloves, protective covering, or respiratory equipment to prevent absorption or inhalation of DBCP. (D.I. 1 at ¶ 5) Plaintiffs claim that none of the defendants informed them of the dangers of DBCP or provided them protective equipment. (*Id.*) Plaintiffs allege that, as a result, they now suffer from sterility, cancer, miscarriages, compromised renal systems, compromised respiration systems, chronic skin disorders, testicular atrophy, impotence, headaches, and chronic stomach ailments. (*Id.* at ¶¶ 8-10)

### b. Procedural History

On June 1, 2012, plaintiffs originally filed this mass tort action against multiple defendants in the District Court of Delaware.[2] (D.I. 1) Defendants Dole Food Company, Inc.,

---

[2] The Third Circuit thoroughly sorted through what it termed the "Gordian Knot" of the twenty-year litigation history of the instant case, in considering earlier appeals of motions to dismiss. *Chavez v. Dole Food Company, Inc.*, 836 F.3d 205, 213 (3d Cir. 2016). This litigation began in 1993, when plaintiffs filed a putative class action in Texas state court. *See id.* at 211. Defendants impleaded foreign entities and removed the case to the United States District Court for the Southern District of Texas, which dismissed the class action on *forum non conveniens* grounds. *See id.* at 211-12. The District Court for the Southern District of Texas stated that the plaintiffs could return to federal court if their home countries refused to take jurisdiction over their claims. *See id.* at 212. In the early 2000s, plaintiffs returned to the District Court for the Southern District of Texas, which revived the case and remanded it to Texas state court. *See id.* In 2009, defendants removed the case briefly before it was again remanded to Texas state court. *See id.* In 2010, the state court denied class certification. *See id.* Following this denial, plaintiffs decided to sue defendants on a non-class basis in federal district court in Louisiana.

Dole Fresh Fruit Company, Standard Fruit Company, and Standard Fruit and Steamship Company (collectively, "Dole") filed a motion to dismiss on June 21, 2012, which the court granted on August 21, 2012. (D.I. 3; D.I. 22; D.I. 23) Defendant Occidental Chemical Corporation ("Occidental") filed a motion to dismiss on August 22, 2012, which was granted on March 29, 2013. (D.I. 24; D.I. 71) On October 24, 2012, plaintiffs filed a motion to stay the case. (D.I. 36)

On October 26, 2012, Chiquita International filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2). (D.I. 37) On the same day, Chiquita filed two motions: (1) a motion for a more definite statement, or in the alternative, to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and (2) a motion to dismiss based on res judicata and the statute of limitations.[3] (D.I. 39; D.I. 41) On May 30, 2013, Judge Andrews granted Chiquita International's motion to dismiss for lack of personal jurisdiction and dismissed Chiquita's other motions as moot with respect to Chiquita International. (D.I. 72) Judge Andrews also denied plaintiffs' motion to stay the case. (*Id.*) On July 8, 2013, Chiquita Brands and Chiquita Fresh filed a motion to dismiss pursuant to the first-filed rule and Fed. R. Civ. P. 12(b)(6) based on res judicata and the statute of limitations. (D.I. 76) On September 19, 2013, Judge Andrews granted Chiquita Brands and Chiquita Fresh's motion to dismiss, thereby closing the case. (D.I. 81; D.I. 82) On October 16, 2013, plaintiffs appealed the decisions granting defendants' motions to dismiss and denying plaintiffs' motion to stay. (D.I. 83; D.I. 84)

---

*See id.* at 212-13. Defendants subsequently moved for summary judgment, arguing that plaintiffs' claims were time-barred under Louisiana's one year statute of limitations. *See id.* at 213. In order to preserve their ability to litigate in another forum, plaintiffs filed several suits in this District. *See id.* at 213-14.

[3] Chiquita International joined Chiquita Brands and Chiquita Fresh in these motions in the event that the court found that it had jurisdiction despite the arguments in Chiquita International's 12(b)(2) motion. (D.I. 40 at 1 n.1; D.I. 42 at 1 n.1)

On September 2, 2016, the Third Circuit vacated the dismissals, concluding that the District Court abused its discretion under the first-filed rule by dismissing the plaintiffs' claims with prejudice. (D.I. 87-2) The Third Circuit determined that the District Court erred by refusing to transfer the claims against Chiquita International after finding lack of personal jurisdiction. (*Id.*) Furthermore, the Third Circuit concluded that plaintiffs' suits in Delaware were not barred by res judicata. (*Id.*) The Third Circuit remanded for further proceedings consistent with its opinion. (*Id.*)

Chiquita filed its answer to the complaint on November 23, 2016. (D.I. 112) On January 3, 2017, the parties filed a joint status report, wherein Chiquita International advised that although it previously filed a Rule 12(b)(2) motion objecting to lack of personal jurisdiction, it was waiving that motion and submitting to the jurisdiction of this court. (D.I. 138 at 1 n.1) On July 11, 2017, plaintiffs filed an unopposed motion to stay the action until the Third Circuit resolved the appeal in a related case, *Marquinez v. Dole Food Company*, 45 F. Supp. 3d 420 (D. Del. 2014). (D.I. 164) The motion to stay was granted on July 25, 2017. (D.I. 165) On May 29, 2018, the Third Circuit vacated the orders of dismissal in *Marquinez* and remanded that case to the District Court for further proceedings. (D.I. 167) *See also Marquinez v. Dole Company Inc.*, 724 F. App'x 131 (3d Cir. 2018). This case was reopened on June 4, 2018.

On July 26, 2018, Judge Andrews entered a scheduling order, which incorporated a statement that the Chiquita defendants did not believe they were proper parties with respect to the Ecuadorian plaintiffs.[4] (D.I. 176 at ¶ 2) On November 15, 2018, Chiquita filed the present

---

[4] The scheduling order directed initial discovery and trial preparation efforts on the claims of the Ecuadorian Plaintiffs. (D.I. 176 at ¶ 1) Once the initial screening process was completed as to all Ecuadorian Plaintiffs, the Panamanian Plaintiffs were to begin the initial screening process, followed by the Costa Rican Plaintiffs. (*Id.*)

4

motion to dismiss the Ecuadorian portion of the action and for protection from party discovery. (D.I. 185) The court held oral argument on the pending motion to dismiss on June 20, 2019. (D.I. 223)

In the parties' answering and reply briefs, documents outside of the pleadings were included as exhibits. (D.I. 197; D.I. 204) Moreover, plaintiffs sought to introduce at oral argument, for the first time, more documents that had not been attached to the pleadings or the briefs, including the deposition of Barbara Howland ("Ms. Howland") in order to impeach Ms. Howland's affidavit, which Chiquita had attached to its reply brief.[5] (D.I. 204, Ex. 3; D.I. 223 at 53:9-54:5) The court excluded Ms. Howland's deposition. (D.I. 223 at 54:6-55:11) Following oral argument, plaintiffs filed an offer of proof pursuant to Fed. R. Evid. 103(a)(2), seeking to include the Howland deposition as part of the record for the instant motion. (D.I. 221)

### III. Legal Standard

Consequently, the court considers Chiquita's motion as one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).[6] Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). When deciding a Rule 12(c)

---

[5] Ms. Howland is the Corporate Secretary for Chiquita International. (D.I. 204, Ex. 3) In her affidavit, Ms. Howland claims that neither Chiquita International, nor any of its predecessors owned, operated, or controlled any business in Ecuador, with the limited exception of "sporadically purchasing small quantities of fruit on the open market in Ecuador." (*Id.*) Plaintiffs proffered Ms. Howland's prior deposition transcript from a similar DBCP-related injury case pending twelve years ago to impeach Ms. Howland's affidavit. (D.I. 221; D.I. 223 at 53:22-55:11)

[6] Chiquita cites to the scheduling order at Paragraph 2(a) as the procedural foundation for the instant motion. When questioned at oral argument about which Federal Rule of Civil Procedure applies to the analysis, Chiquita responded that the court should apply Rule 12(b) or Rule 12(c). (D.I. 223 at 13:1-14:24) Chiquita filed an answer, and therefore Rule 12(b) is not applicable. A discussion of the Federal Rule of Civil Procedure applicable to the present motion follows in section IV *infra*.

5

motion for judgment on the pleadings based on an allegation that the plaintiff has failed to state a claim, the motion "is analyzed under the same standards that apply to a Rule 12(b)(6) motion." *Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010), *cert. denied*, 131 S. Ct. 995, 178 L.Ed.2d 825 (Jan. 18, 2011).

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Under this standard, the court must accept all well-pleaded factual allegations as true, and must draw all reasonable inferences in favor of the non-moving party. *See Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). This determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV. Discussion

Chiquita moves to dismiss the Ecuadorian plaintiffs' claims pursuant to the procedure in Paragraph 2 of the scheduling order.[7] (D.I. 185; D.I. 223 at 12:1-24) Chiquita argues that

---

[7] At oral argument, the court questioned Chiquita's counsel about the present motion:

> THE COURT: Under what rule of civil procedure is this motion filed?
>
> MR. ORLACCHIO: Your Honor, in the scheduling order, paragraph 2 specifically, there was a mechanism for handling this exact dispute. And per the parties' negotiations as well as Judge Andrews' approval, it was titled motion to dismiss practice. That's why this motion is titled as it is.

(D.I. 223 at 12:1-9) Chiquita claims to have followed Paragraph 2 procedures in that it observed the ninety day period to meet and confer before it submitted a letter on October 25, 2018,

because plaintiffs were specific about asserting claims alleging Chiquita's involvement with banana plantations in Panama and Costa Rica, as demonstrated in paragraphs 29 and 96 through 103 of the complaint, but made no such specific allegations concerning Ecuador, it follows that the Ecuadorian plaintiffs have failed to state a claim.[8] (D.I. 185 at 2, 5-7; *see also* D.I. 1 at ¶¶ 29, 96-103) Plaintiffs, however, argue that Chiquita's challenge to their allegations is untimely under Rules 12(b)(6), 12(c), and 12(e). (D.I. 197 at 13-14) Specifically, plaintiffs contend that Chiquita waived its relief under Rules 12(b)(6) and 12(e) by filing its answer. (*Id.* at 13) Furthermore, plaintiffs argue that Chiquita's motion under Rule 12(c) is premature because the pleadings have not closed. (*Id.*) Plaintiffs claim that, pursuant to the scheduling order, pleadings do not close until sixty days after the completion of fact discovery. (*Id.*)

Generally, motions to dismiss must be filed before or with a responsive pleading, if one is required. *See* Fed. R. Civ. P. 12(b). However, the defense of failure to state a claim upon which relief may be granted may also be considered as a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). *See* Fed. R. Civ. P. 12(h)(2)(B); *Toy v. Plumbers & Pipefitters Local Union No. 74 Pension Plan*, 439 F. Supp. 2d 337, 341 (D. Del. 2006) (citing *Turbe*, 938 F.2d at 428). Chiquita filed its answer before filing the present motion to dismiss, and therefore the motion cannot be considered under Rule 12(b), but rather under 12(c). (D.I. 112; D.I. 185) *See Toy*, 439 F. Supp. 2d at 341.

---

advising the court that Chiquita believed that the Ecuadorian plaintiffs did not plead any claims against Chiquita. (D.I. 223 at 28:17-29:7; D.I. 177) Judge Andrews subsequently issued an oral order that provided a deadline for motions filed pursuant to Paragraph 2(a) of the scheduling order. (D.I. 178)

[8] Plaintiffs assert that they have adequately pleaded conspiracy and participation and assistance claims against Chiquita. (D.I. 1 at ¶¶ 167-181; D.I. 223 at 41:14-42:2) Plaintiffs concede that they do not explicitly plead that Ecuadorian plaintiffs worked on farms that were controlled by Chiquita during the relevant time period. (D.I. 223 at 41:20-42:2)

"Pleadings are closed within the meaning of Rule 12(c) if no counter or cross claims are at issue when a complaint and an answer have been filed." *Maniaci v. Georgetown University*, 510 F. Supp. 2d 50, 60 (D.D.C. 2007) (citing Fed. R. Civ. P. 7(a)). In other words, pleadings are considered closed when a defendant files its answer, and "not when Plaintiff's court-imposed deadline to file a motion for leave to amend his complaint has passed." *Id.* (citing Fed. R. Civ. P. 7(a)); *see also Nortel Networks Ltd. v. Kyocera Wireless Corp.*, 2002 WL 31114077 (N.D. Tex. Sept. 20, 2002). Here, the scheduling order states that motions to join other parties, and to amend or supplement the pleadings shall be filed on or before sixty days following completion of fact discovery. (D.I. 176 at ¶ 4) Although plaintiffs claim that this deadline indicates the proper close of pleadings, Chiquita filed its answer on November 23, 2016 and pleadings have, therefore, "closed." (D.I. 197 at 13; D.I. 112)

However, whether pleadings are closed is not relevant where, as here, the parties agreed to a procedure for a defendant to pursue dismissal from the Ecuadorian phase of the case and Chiquita acknowledges that its motion is governed by such procedure. (D.I. 176 at ¶¶ 1-2) That agreement was adopted and operates as the Order of the Court. Paragraph 2(a) of the scheduling order provides as follows:

> The Chiquita Defendants do not believe they are proper parties with respect to the Ecuadorian Plaintiffs and therefore are not "Participating Defendants."[9] *To the extent that any claims are asserted against the Chiquita Defendants*, they will join the process with Del Monte and Shell outlined in the remainder of this paragraph . . . . The parties will then advise the Court if there is agreement to change the list of Participating Defendants or if Del Monte and/or Shell intend to make a motion seeking dismissal of the claims of Ecuadorian Plaintiffs as to either of them. Following a meet and confer on scope, the parties may also conduct written

---

[9] "'Participating Defendants' include all Defendants against whom Ecuadorian Plaintiffs have asserted claims in the Complaints. Ecuadorian Plaintiffs who do not allege exposure on plantations owned, operated or controlled by the Chiquita Defendants do not assert any claims against the Chiquita Defendants." (D.I. 176 at ¶ 2)

8

discovery on the nature and evidentiary bases of the claims of Ecuadorian
Plaintiffs against Del Monte and/or Shell.

(D.I. 176 at ¶ 2) (emphasis added)

The present motion arises from the parties' dispute as to the interpretation of Paragraph 2 of the scheduling order. Chiquita seeks to curb defense costs and expenses of discovery in the Ecuadorian phase in which it contends it has no interest based on plaintiffs' complaint. (D.I. 223 at 20:13-24) On the other hand, the plaintiffs resist conceding that dismissal is appropriate until some discovery directed to determining the extent, if any, of Chiquita's participation in Ecuador has been provided.[10] (*Id.* at 39:8-17) The parties' failed attempt to bring closure to negotiation of a stipulation of dismissal of Chiquita in Ecuador brings this motion *sub judice*.[11]

Both Chiquita and plaintiffs have attached to their briefing several extraneous documents not relied upon by or referenced in the complaint.[12] (*See* D.I. 197; D.I. 204) Plaintiffs provided two of Chiquita's 10-K annual reports from 1973 and 2010 at oral argument to illustrate that

---

[10] Apparently, the Ecuadorian plaintiffs wish to avoid a dismissal of Chiquita because it could constitute a "second" dismissal for purposes of Rule 41(a), resulting in a dismissal with prejudice. (D.I. 223 at 44:5-46:2) Plaintiffs have not provided the court with a reference to the record as to when the "first" dismissal of Chiquita occurred.

[11] In September and October 2018, the parties were negotiating language of a stipulation of dismissal. (D.I. 223 at 30:6-7; D.I. 185, Ex. B) On October 17, 2018, plaintiffs stated that they "will not execute nor agree to a voluntary dismissal of Chiquita for claims they have not asserted against Chiquita." (D.I. 185, Ex. B) The parties ultimately reached an impasse in negotiations, resulting in Chiquita filing the present motion. (*Id.*)

[12] Chiquita attached Ms. Howland's affidavit and the sworn declaration of Monserrat Maria Rouillon Puig Mir ("Mrs. Puig Mir") to its reply brief. (D.I. 204, Ex. 3; Ex. 4; Ex. 5) Mrs. Puig Mir is the attorney representing Chiquita Banana Ecuador CB Brands S.A., and opined that Chiquita International and its predecessors did not have any business in Ecuador during the relevant time period. (D.I. 204, Ex. 4; Ex. 5) Plaintiffs attached the 10-K annual reports of Chiquita and Chiquita's predecessor in interest, United Brands Company (the successor by merger to United Fruit Company). (D.I. 197, Ex. A; Ex. D) Additionally, plaintiffs attached the declaration of Steve Striffler, a professor of anthropology at the University of Massachusetts, who opined that United Fruit Company and Chiquita had a presence in Ecuador during the relevant time period. (D.I. 197, Ex. B)

evidence exists that supports a motion to amend. (D.I. 223 at 48:10-19, 51:13-52:7) At oral argument, plaintiffs also proffered Ms. Howland's deposition transcript, which the court excluded. (*Id.* at 53:9-55:11) The court could treat the present motion as a motion for judgment on the pleadings if it looks only to the allegations within the complaint, or as a motion for summary judgment if it considers the materials the parties have attached to their briefing. *See* Fed. R. Civ. P. 12(d); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). (D.I. 223 at 15:1-16:10) Given the procedural posture of this case and its governing scheduling order, the court recommends denying the pending motion without prejudice. Chiquita may present its motion for summary judgment at the appropriate time, when the plaintiffs have had the opportunity to obtain discovery relevant to such a motion. *See* Fed. R. Civ. P. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). The materials outside of the pleadings upon which plaintiffs rely in opposing Chiquita's dismissal suggest that plaintiffs could seek leave to amend their Ecuadorian claims prior to the deadline in Paragraph 4 of the scheduling order.[13]

Chiquita argues that because the Ecuadorian plaintiffs have not asserted claims against Chiquita, there are no claims on which they can conduct discovery, and any discovery at this time would be fishing for facts to support a claim against Chiquita. (D.I. 185 at 5-6) Chiquita's motion skirts the process established in Paragraph 2 of the scheduling order, which provides plaintiffs the opportunity to conduct written discovery on the "nature and evidentiary bases of the claims of Ecuadorian Plaintiffs." (D.I. 176 at ¶ 2) Chiquita presents a selection of documents in its reply brief which it contends are not submitted to support its motion, but, instead, for the limited purpose of rebutting the exhibits to plaintiffs' answering brief. (D.I. 223 at 15:16-20)

---

[13] The court makes no recommendation with regard to amendment of the pleadings at this time.

Chiquita opposes any further discovery beyond what it has provided. Regardless of how Chiquita characterizes the "purpose" of submitting exhibits, it has, nonetheless, opened the door to consideration of materials outside of the pleadings in support of the pending motion. In general, motions to dismiss pleadings are to be considered in the light most favorable to the non-moving party and when the moving party relies on documents outside of the pleadings, there should be a fair opportunity for the non-moving party to seek the discovery it needs to reasonably respond to the motion. *See, e.g.*, Fed. R. Civ. P. 12(d); *Michaels v. NCO Financial Systems Inc.*, 2011 WL 2600723, at *3-4 (W.D. Pa. June 29, 2011).

Therefore, the court recommends denying Chiquita's motion to dismiss without prejudice to renew pursuant to Paragraph 2(a) of the scheduling order. Furthermore, the court denies Chiquita's motion for a protective order prohibiting the plaintiffs from conducting discovery as permitted under Paragraph 2(a) of the scheduling order. Given the court's recommendation, plaintiffs' offer of proof is moot.

## V. Conclusion

For the foregoing reasons, the court recommends denying defendants' motion to dismiss without prejudice, denying defendants' motion for a protective order, and denying plaintiffs' offer of proof as moot. (C.A. No. 12-697, D.I. 185)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objection and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right

to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: July 16, 2019

Sherry R. Fallon
United States Magistrate Judge